Steve McNichols, SBN 43556
David Austin, SBN 215371
McNichols Beers LLP
6600 Koll Center Parkway, Suite 250
Pleasanton, California 94566
Telephone (925) 600-1800
Facsimile  (925) 600-1802

Attorneys for Defendants and Counter-Claimants
CHANG SU-O LIN, HONG LIEN LIN
AND HONG YAO LIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOLL BROTHERS, INC.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHANG SU-O LIN, HONG LIEN LIN AND HONG YAO LIN,<br><br>　　　　Defendants. | No. C08 00987 MMC<br><br>**ANSWER TO COMPLAINT AND COUNTER-CLAIM**<br><br>**DEMAND FOR JURY TRIAL** |
| CHANG SU-O LIN, HONG LIEN LIN AND HONG YAO LIN,<br><br>　　　　Counter-Claimants,<br><br>vs.<br><br>TOLL BROTHERS, INC.,<br><br>　　　　Counter-Defendant. | Courtroom: 2<br><br>Judge:　　Honorable Maxine Chesney |

## ANSWER TO COMPLAINT

Defendants Chang Su-o Lin, Hong Lien Lin, and Hong Yao Lin ("Defendants") answer the Complaint for Restitution on file herein as follows:

## PARTIES

1. In answer to Paragraph 1 of the Complaint, Defendants are without sufficient knowledge and information to admit or deny the truth of the allegations therein.

2. In answer to Paragraph 2 of the Complaint, Defendants admit that they are individual citizens and residents of Taiwan. Defendants deny the remaining allegations therein.

## JURISDICTION

3. In answer to Paragraph 3 of the Complaint, Defendants incorporate their responses to Paragraphs 1 and 2 above in answer to Paragraph 3a and Paragraph 3b and admit the remaining allegations therein.

4. In answer to Paragraph 4 of the Complaint, Defendants admit the allegations therein.

## VENUE

5. In answer to Paragraph 5 of the Complaint, Defendants admit the allegations therein.

## INTRA-DISTRICT ASSIGNMENT

6. In answer to Paragraph 6 of the Complaint, Defendants admit the allegations therein.

## FIRST CAUSE OF ACTION

7. In answer to Paragraph 7 of the Complaint, Defendants admit the allegations therein.

8. In answer to Paragraph 8 of the Complaint, Defendants admit that under the terms of the Contract, the Lins agreed to sell and Toll agreed to purchase the Property described in the Contract that there were three (3) separate closings, and that the purchase price was to be paid in three (3) installments on three (3) different dates according to the terms of the Contract. Defendants

further admit that Phase One and Phase Two closed, that Phase Three was to close on June 30, 2007 under the terms of the Contract and that the Third Phase is at issue in the Complaint. Defendants deny the remaining allegations therein.

9. In answer to Paragraph 9 of the Complaint, Defendants admit that Toll paid a deposit under the terms of the Contract and that $7,735,000 of the deposit was applicable to the purchase price of Sub-Area 3 upon closing of the purchase of that area according to the terms of the Contract. Defendants deny the remaining allegations therein.

10. In answer to Paragraph 10 of the Complaint, Defendants deny the allegations in Paragraph 10 therein.

11. In answer to Paragraph 11 of the Complaint, Defendants admit that required infrastructure, including six (6) above ground utility vaults, four (4) below ground utility vaults and temporary overhead power lines were installed on the property. Defendants deny the remaining allegations therein.

12. In answer to Paragraph 12 of the Complaint, Defendants deny the allegations therein.

13. In answer to Paragraph 13 of the Complaint, Defendants admit that required easements relating to the utility vaults and a temporary easement relating to the temporary power lines were recorded. Defendants deny remaining allegations therein.

14. In answer to Paragraph 14 of the Complaint, Defendants are without sufficient knowledge or information to admit or deny when Toll learned of the installation of the utility vaults and temporary power lines. Defendants admit that Toll gave Lins Notice of Termination and a rescission of the Contract on December 7, 2007. Defendants deny the remaining allegations therein.

15. In answer to Paragraph 15 of the Complaint, Defendants deny the allegations therein.

16. In answer to Paragraph 16 of the Complaint, Defendants deny the allegations therein.

17. In answer to Paragraph 17 of the Complaint, Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 17 therein.

## SECOND CAUSE OF ACTION

18. In answer to Paragraph 18 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 17 above.

19. In answer to Paragraph 19 of the Complaint, Defendants deny the allegations therein.

20. In answer to Paragraph 20 of the Complaint, Defendants deny the allegations therein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Sufficient Facts)

As a separate and distinct affirmative defense to the Complaint, these answering Defendants allege that Plaintiff has failed to state facts sufficient to constitute a cause of action against these answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Full Performance of all Obligations)

As a separate and distinct affirmative defense to the Complaint, these answering Defendants allege that prior to the commencement of this action, these answering Defendants duly performed, satisfied, and discharged all duties and obligations they may have owed to Plaintiff arising out of any and all agreements, representations, or contracts made by or on behalf of these answering Defendants, either individually or in any other capacity, and that, therefore, this action is barred.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure to Perform Condition Precedent)

As a separate and distinct affirmative defense to the Complaint, these answering Defendants allege that Plaintiff is barred from recovering any relief pursuant to these causes of action because Plaintiff and/or its agents failed to perform conditions precedent to Defendants' performance; including their obligation under the Contract to have reconveyed to the Sellers or Sellers' assignee the elementary school parcel in Sub-Area 2 prior to the third closing on June 30, 2007.

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Perform All Obligations)

As a separate and distinct affirmative defense to the Complaint, these answering Defendants allege that Plaintiff is barred from recovering any relief pursuant to these causes of action because Plaintiff and/or its agents failed to perform all of its obligations under the Contract between the parties to this action; including conveyance to Sellers or Sellers' assignee of the elementary school parcel in Sub-Area A prior to the third closing on June 30, 2007. Performance of Buyer's obligation under Exhibit D regarding Sub-Area 2, Buyer's failure to close on Sub-Area 3 and, on information and belief, Buyer's assignment of rights in violation of the terms of the Contract.

### FIFTH AFFIRMATIVE DEFENSE

#### (Not Ready, Willing & Able to Close Transaction)

As a separate and distinct affirmative defense to the Complaint, these answering Defendants allege, on information and belief, that Plaintiff is barred from recovering any relief pursuant to these causes of action because Plaintiff and/or its agents were not ready, willing, and/or able to perform their obligations under the Contract when the time for their performance arose.

5

ANSWER AND COUNTER-CLAIM
Case No. C08 00987 MMC

## SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach of their Duty of Good Faith and Fair Dealing)

As a separate and distinct affirmative defense to the Complaint, these answering Defendants allege that Plaintiff is barred from recovering any relief pursuant to these causes of action because Plaintiff and/or its agents breached the covenant of good faith and fair dealing owed to Defendants pursuant to any and all agreements, whether written, oral, or implied between Plaintiff and Defendant, either individually or in any other capacity.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

As a separate and distinct affirmative defense to the Complaint, these answering Defendants allege that because Plaintiff unreasonably delayed in giving notice of the conditions set forth in the Complaint alleged to excuse its performance of the Contract and unreasonably delayed in bringing this suit and, consequently, caused injustice, unfairness, prejudice, and inequity to these answering Defendants, Plaintiff is barred from asserting the claims alleged in the Complaint by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate and distinct affirmative defense to the Complaint, these answering Defendants allege that by and through the reason of knowledge, writings, statements, omissions, and conduct of Plaintiff and/or its agents with regard to the Defendants representations regarding the non-material matters of the conditions set forth in the Complaint alleged to excuse its performance of the Contract and its conduct and delay in giving notice of the conditions set forth in the Complaint as excusing their performance of the Contract, Plaintiff is

estopped to complain of the acts and/or alleged omissions on the part of these answering Defendants.

### NINTH AFFIRMATIVE DEFENSE

### (Waiver)

As a separate and distinct affirmative defense to the Complaint, these answering Defendants allege that Plaintiff and/or its agents, by reason of their knowledge, writings, statements, omissions and conduct have waived any rights that it may have to claim that acts or alleged omissions of these answering Defendants excuse further performance by Plaintiff or create obligations or liabilities in support to these answering Defendants to Plaintiff, thereby barring the Complaint.

### TENTH AFFIRMATIVE DEFENSE

### (Consent, Approval, and Ratification)

As a separate and distinct affirmative defense to the Complaint, these answering Defendants allege that Plaintiff is not entitled to any relief on its claims because Plaintiff and/or its agents, consented to, approved, and/or ratified the acts and alleged omissions of which Plaintiff now complains, which bars this action.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and distinct affirmative defense to the Complaint, these answering Defendants allege that Plaintiff and/or its agents, are guilty of inequitable conduct with reference to the matters in the Complaint, and such inequitable conduct therefore bars Plaintiff's recovery herein under the equitable doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

**(Fraud, Misrepresentation and Deceit)**

As a separate and distinct affirmative defense to the Complaint, these answering Defendants allege, on information and belief, that Plaintiff is barred from recovering any relief because of its fraud, misrepresentation and deceit in regard to the nature of the assignment which Plaintiff represented to be a "Land Banking" Agreement with regard to Sub-Area 2 of the Contract.

### THIRTTEENTH AFFIRMATIVE DEFENSE

**(Failure Perform All Obligations)**

As a separate and distinct affirmative defense to the Complaint, these answering Defendants allege that Plaintiff is barred from recovering any relief because Plaintiff and/or its agents failed to perform all of its obligations under the Contract between the parties to this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

As a separate and distinct affirmative defense to the Complaint, these answering Defendants allege that Plaintiff and/or its agents failed to take such steps, or took such steps, such that Plaintiff's damages, if any, were not mitigated or were increased by reason thereof, with the result that Plaintiff is barred, in whole or in part, from recovery from these answering Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Intervening and Superceding Cause)**

These answering Defendants are informed and believe, and thereon allege, that if Plaintiff proves it suffered or sustained any loss, damage or injury, then this loss, damage or injury was proximately and legally caused or contributed to by the actions of Plaintiff or other persons, entities, named or unnamed, and that

such actions were an intervening or superceding cause of the loss, damage, or injury of which Plaintiff complains.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Vague, Ambiguous, and Conclusory Allegations)

As a separate and distinct affirmative defense to the Complaint and each and every cause of action purported to be stated therein, Defendants allege that the Complaint, and each cause of action therein, is stated in vague, ambiguous, and conclusory terms. For these reasons, these answering Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendants hereby reserve their rights to add additional affirmative defenses, if and to the extent such affirmative defenses are applicable to this action.

### COUNTER-CLAIM

Pursuant to Federal Rules of Civil Procedure Rule 13, Defendants allege the following counter-claims against Plaintiff and Defendants demand a trial by jury on all issues to which they are entitled to such a trial:

### PARTIES

1. Counter-Claimants/Defendants Chang Su-o Lin, Hong Lien Lin, and Hong Yao Lin (collectively the "Lins") are individuals and are citizens and residents of Taiwan.

2. The Lins are informed and believe that Counter-Defendant/Plaintiff Toll Brothers, Inc. ("Toll") is a Delaware Corporation whose principal place of business is Horsham, Pennsylvania, and that Toll is a builder of luxury homes throughout the United States. In addition to building homes, the Lins are informed and believe that Toll continually pursues the acquisition of residential land throughout the United States for their own use, obtains entitlements and

approvals for land for development and does the land development work, and that Toll has a large staff of planning, engineering and legal professionals.

## JURISDICTION

3.  This Court has subject matter jurisdiction over these counter-claims pursuant to 28 U.S.C. § 1367(a).

## VENUE

4.  Venue is proper in this Court under 28 U.S.C. § 1391(a) because a substantial portion of the events on which these counter-claims are based occurred in this District and because the property that is the subject of this action is located within this District.

## INTRA-DISTRICT ASSIGNMENT

5.  Assignment to the San Francisco Division or Oakland Division of this District is proper pursuant to Local Rule 3.2(c).

## GENERAL ALLEGATIONS

6.  On or about May 20, 2004, the Lins and Toll entered into a written agreement whereby the Lins agreed to sell and Toll agreed to purchase approximately 147 acres of real property located within the City of Dublin, County of Alameda, State of California, pursuant to the terms and conditions of the Contract which is attached to the Complaint on file herein as Exhibit A ("Contract").

7.  As of May 20, 2007, the Lins were the owners of the properties described in Exhibit A and are currently the owners of Sub-Area 3 described in the Contract.

8.  On or about May 28, 2004, Toll recorded a "Memorandum of Agreement" with the Alameda County Recorder's Office which made the existence of the Contract between the parties a matter of public record and constitutes a cloud on the title of the Lins to Sub-Area 3.

9. In connection with the filing of this action, Toll filed a "Notice of Pendency of Action". The Lins are informed and believe that the *lis pendens* has been recorded. This document also creates a cloud on the title of the Lins to Sub-Area 3.

10. Pursuant to the terms of the Contract, performance was to occur over time through a series of three closings of three separate portions of the Property: Sub-Area 1, Sub-Area 2, and Sub-Area 3. Each of these sub-areas is depicted in the Contract. As of the date of this pleading, closings have occurred for Sub-Area 1 and Sub-Area 2.

11. Under the terms of the Contract, Toll had ongoing obligations to the Lins which formed a part of the consideration for the Contract. These ongoing obligations included the requirement to construct certain improvements in and adjacent to Sub-Area 2. The obligations were agreed to and described in the Sub-Area 2 portion of the buyer's work as set forth in Exhibit D to the Contract. Toll also assumed post-closing duties which included maintenance of infrastructure and public improvements in the Sub-Area 2. Toll also agreed as a special condition of closing for Sub-Area 3 to have conveyed to the Lins or assignee the elementary school parcel in Sub-Area 2, as required by the Dublin Unified School District, prior to the third closing on June 30, 2007.

12. The closing of Sub-Area 3 of the Contract was scheduled for June 30, 2007 under the terms of the Contract. The Lins have performed or have been excused from performance of the terms and conditions required of them under the Contract.

13. At the time for close of Sub-Area 3, Toll was not ready, willing or able to close the transaction, had not met its conditions of closing and was otherwise in breach of the Contract.

14. When issues arose over the pre-closing and closing conditions of Sub-

Area 3 in 2007, the Lins and Toll through their designated representatives met and with regard to the utility vaults and temporary overhead power lines, Lins denied that these conditions constituted a material breach of the Contract. However, the Lins and Toll developed and the Lins commenced to relocate the utility vaults, remove the temporary power lines and easements in a manner agreeable to Toll and the Lins invoked the relevant provisions of the Contract to allow for closing of Sub-Area 3. Any of the improvements complained of that have been constructed were required infrastructure improvements that were either temporary and/or could be relocated and/or were constructed for the benefit of Toll and could be resituated in other locations.

15.  Until Toll gave notice of termination of the Contract on December 7, 2007, the Lins were ready, willing and able to satisfy all closing conditions and conduct the closing of Sub-Area 3 in accordance with the terms of the Contract and were taking commercially reasonable actions.

16.  On December 7, 2007, Toll purported to rescind the Contract and repudiated all ongoing obligations under the Contract.

17.  In response to this purported termination of the Contract, on January 24, 2008, the Lins declared Toll in breach of the Contract and demanded that Toll execute a Quitclaim Deed to remove the Memorandum of Agreement as a cloud on the title to Sub-Area 3.

18.  Under section 4.4 of the Contract, in the event of Toll's default of its obligations, the Lins are entitled to receive, as liquidated damages the amount of Toll's remaining deposit as of the time of the default. At the time of Toll's default, the amount of the remaining deposit was $7,735,000.

19.  As a result of Toll's default, the Lins are entitled to keep the entire amount of the remaining deposit, including any accrued interest, as liquidated damages.

## FIRST CAUSE OF ACTION

### (Declaratory Relief)

20. The Lins incorporate by reference as though re-alleged in full their allegations contained in Paragraphs 1-19 above.

21. An actual controversy has arisen and now exists between the Lins, on the one hand, and Toll, on the other hand, relating to their respective rights and obligations under the Contract and whether Toll is entitled to rescind the Contract or whether Toll is in default, entitling the Lins to recover liquidated damages pursuant to section 4.4 of the Contract.

22. The Lins therefore request a judicial determination and declaration of the parties' rights and obligations under the Contract and such a declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and obligations.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

23. The Lins incorporate by reference as though re-alleged in full their allegations contained in Paragraphs 1-19 above.

24. Toll has breached the Contract by failing to perform conditions precedent and conditions to closing and by refusing to close on Sub-Area 3 and by failing to perform its obligations under the Contract with regard to Sub-Area 2.

25. The Lins have performed all obligations owed to Toll under the Contract, except those obligations that the Lins were prevented or excused from performing.

26. As a material term of the Contract, the parties stipulated that, in the event of Toll's breach of its obligations to close Sub-Area 3, the Lins' actual damages would be extremely difficult or impracticable to determine. Therefore, the parties to the Contract agreed that in the event of Toll's default, the Lins

McNichols Beers LLP
Pleasanton, California

ANSWER AND COUNTER-CLAIM
Case No. C08 00987 MMC

13

the parties to the Contract agreed that in the event of Toll's default, the Lins would be entitled to recover as liquidated damages the remaining amount of Toll's deposit at the time of the breach, which is $7,735,000, plus interest. Pursuant to section 18.1, the Lins are also entitled to recover their attorney fees and costs according to proof.

27.   With respect to Toll's failure to perform its obligations in Sub-Area 2, the Lins have suffered damages in an amount according to proof at trial but in any event no less than $250,000, except that, with respect to Toll's obligation to convey the school property, its obligations under Exhibit D to the Contract in Sub-Area 2 and its maintenance obligations in Sub-Area 2, the Lins have no adequate remedy at law and, therefore, request that the court order Toll to specifically perform these obligations pursuant to California Civil Code §§ 3384 and 3387.

### THIRD CAUSE OF ACTION

**(Quiet Title)**

28.   Counter-Claimants/Defendants incorporate by reference as though re-alleged in full their allegations contained in Paragraphs 1-26 above.

29.   The Lins are the fee owners of Sub-Area 3, the legal description of which is: Parcel 1 as shown on Parcel Map 8734, filed in Book 294 of Parcel Maps, at Pages 19 and 20, Alameda County Records (the "Property"). The Lins' interest was acquired through purchase, and they are the current owners of the Property.

30.   The Lins seek to Quiet Title against Toll and the Memorandum of Agreement, recorded against the property on May 28, 2004 and the Notice of Pendency of Action. Toll's claims are without any right, in that, Toll has no right, title, estate, lien, or interest in the Property or any part of it.

# PRAYER FOR RELIEF

WHEREFORE, these answers Defendants/Counter-Claimants pray for judgment against Plaintiff/Counter-Defendant as follows

1. **ON PLAINTIFF'S COMPLAINT:**

   A.  That Plaintiff takes nothing by way of its Complaint;

   B.  That the relief prayed for in the Complaint be denied;

   C.  That no orders of any nature whatsoever issue out of this Court in favor of Plaintiff and against these answering Defendants;

   D.  That these answering Defendants have judgment for costs of suit, incurred herein;

   E.  That these answering Defendants have judgment for its reasonable attorneys' fees incurred herein; and,

   F.  For such other and further relief as this Court deems just and proper.

2. **ON DEFENDANT'S COUNTER-CLAIMS:**

   A.  **First Cause of Action for Declaratory Relief:**

   1)  For a judicial determination that Toll is in breach of the Contract and that the Lins are entitled to retain the deposit as liquidated damages:

   2)  For attorney fees according to proof pursuant to the Contract;

   3)  For costs of suit; and

   4)  For such other and further relief as this Court deems just and proper.

   B.  **Second Cause of Action for Breach of Contract**

   1)  For judgment in the amount of $7,735,000.00 as liquidated damages;

   2)  For compensatory damages according to proof at trial for breach of the terms of the agreement relating to Sub-Area 2;

15

3)  For an Order requiring Toll to take all actions necessary to convey the elementary school parcel in Sub-Area 2 to the Lins or assignee;

4)  For attorney fees according to proof pursuant to the Contract;

5)  For costs of suit; and

6)  For such other and further relief as this Court deems just and proper.

**C.   Third Cause of Action for Quiet Title:**

1)  Judgment quieting title in the Lins' favor as fee owners of the Property and that Toll has no right, title, lien, or interest in the Property adverse to the Lins;

2)  For attorney fees according to proof pursuant to the Contract;

3)  For costs of suit; and

4)  For such other and further relief as this Court deems just and proper.

May 2, 2008                                McNICHOLS BEERS LLP

By: _____

Attorneys for Defendants/Counter-Claimants Chang Su-o Lin, Hong Lien Lin, and Hong Yao Lin

## DEMAND FOR JURY TRIAL

Defendants/Counter-Claimants herein request for jury trial of the above-referenced case.

May 2, 2008

McNICHOLS BEERS LLP

By: _____

Attorneys for Defendants/Counter-Claimants Chang Su-o Lin, Hong Lien Lin, and Hong Yao Lin