1  CARL McCONNELL – BAR NO. 42976
   JOHN H. ADAMS, JR. – BAR NO. 253341
2  HOGE, FENTON, JONES & APPEL, INC.
   Sixty South Market Street, Suite 1400
3  San Jose, California 95113-2396
   Phone: (408) 287-9501
4  Fax: (408) 287-2583
   Email: clm@hogefenton.com
5  Email: jha@hogefenton.com

6  TIMOTHY J. HOBAN – BAR NO. 192461
   Regional Counsel
7  Toll Brothers, Inc.
   725 Town & Country Road, Suite 500
8  Orange, CA 92688
   (714) 347-1300
9

10 Attorneys for Plaintiff
   TOLL BROTHERS, INC.
11

12

13                    UNITED STATES DISTRICT COURT

14
                    NORTHERN DISTRICT OF CALIFORNIA
15

16 | TOLL BROTHERS, INC.              | No. C08 00987 MMC
17 |     Plaintiff,                   | **DECLARATION OF CARL L. McCONNELL IN SUPPORT OF MOTION FOR ORDER ALLOWING PLAINTIFF TO FILE AMENDED COMPLAINT**
18 | vs.                              |
19 | CHANG SU-O LIN; HONG LIEN LIN;   |
   | HONG YAO LIN,                    |
20 |                                  | Date:   June 20, 2008
   |     Defendants.                  | Time:   9:00 a.m.
21 |                                  | Dept.:  Courtroom 7
   |                                  | Judge:  Hon. Maxine M. Chesney
22 |                                  | Trial Date: None
   |                                  | Complaint Filed:  February 19, 2008
23

24

25     I, Carl L. McConnell, declare:

26     1.   I am lead counsel for plaintiff in the above-entitled action;

27     2.   I did not learn until approximately April 28, 2008, that the plaintiff maintains a
                                          -1-
28 DECLARATION OF CARL. McCONNELL IN SUPPORT OF PLAINTIFF TOLL BROTHERS, INC.'S MOTION TO FILE AMENDED
   COMPLAINT

claim for foreclosure under a recorded memorandum of agreement which constitutes a mortgage. The rule that all claims arising out of the same nucleus of operative facts be included in the same lawsuit requires that these claims for foreclosure be asserted in this action. When I realized that the omission of a request for judicial foreclosure meant that plaintiff might be prevented from exercising all of its available remedies, I undertook to research the issue and determine how best to proceed. During the week of May 5, 2008, I completed the research and analysis and determined that a motion to amend to add causes of action for judicial foreclosure was the appropriate way to cure the defect.

3. I also realized that amending in this fashion should resolve a disagreement between counsel regarding whether a *lis pendens* is appropriate in this proceeding. The prior pleadings that I filed did not contain a request for judicial foreclosure. The proposed amended pleading does. To the extent that the amended pleading provides a clear basis for the recordation of a *lis pendens*, the amendment will resolve what has been a basis for disagreement between counsel. On or about May 6, 2008, I contacted opposing counsel, Steven McNichols, to request his stipulation to the amendment. He indicated that he would get back to me. As of today, I have not heard from him on the proposed amendment.

4. I do not know of any prejudice that will be suffered by defendants if this motion is granted. The motion does add two new causes of action, but it is appropriate to present the legal theories which complete the range of remedies that would be available to a successful plaintiff. The underlying facts remain the same.

5. The interests of justice will be served best by permitting the amendment to be made. Granting leave to amend ensures that plaintiff will have available the full range of remedies so that it can be made whole in the event that it prevails at trial. The plaintiff should have available the appropriate remedy of judicial foreclosure. Similarly, the plaintiff should not suffer forfeiture of rights because of counsel's failure to include the judicial foreclosure remedy in the initial complaint.

6. Attached as Exhibit 2 to the Notice of Motion For Leave to File Amended

-2-
DECLARATION OF CARL. McCONNELL IN SUPPORT OF PLAINTIFF TOLL BROTHERS, INC.'S MOTION TO FILE AMENDED COMPLAINT

1  Complaint is a copy of the proposed Amended Complaint in a redlined version, showing
2  the changes from the original Complaint filed on February 19, 2008.
3     I declare under penalty of perjury under the laws of the State of California the
4  foregoing is true and correct.
5  Dated: May 9, 2008

*/s/ Carl L. McConnell*

Carl L. McConnell

-3-

DECLARATION OF CARL. McCONNELL IN SUPPORT OF PLAINTIFF TOLL BROTHERS, INC.'S MOTION TO FILE AMENDED COMPLAINT

# EXHIBIT 2

CARL McCONNELL – BAR NO. 42976
JOHN H. ADAMS, JR. – BAR NO. 253341
HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
San Jose, California 95113-2396
Phone: (408) 287-9501
Fax:  (408) 287-2583
Email: clm@hogefenton.com
Email: jha@hogefenton.com

TIMOTHY J. HOBAN – BAR NO. 192461
Regional Counsel
Toll Brothers, Inc.
725 Town & Country Road, Suite 500
Orange, CA 92688
(714) 347-1300

Attorneys for Plaintiff
TOLL BROTHERS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOLL BROTHERS, INC.<br><br>    Plaintiff,<br><br>vs.<br><br>CHANG SU-O LIN; HONG LIEN LIN; HONG YAO LIN,<br><br>    Defendants. | No. C08 00987 MMC<br><br>FIRST AMENDED COMPLAINT FOR RESTITUTION AFTER RESCISSION, DAMAGES FOR BREACH OF CONTRACT, FORECLOSURE OF CONTRACTUAL LIEN AND FORECLOSURE OF PURCHASER'S LIEN |

Plaintiff Toll Brothers, Inc., alleges as follows:

## PARTIES

1.     Plaintiff Toll Brothers, Inc., ("Toll") is a Delaware corporation whose principal place of business is Horsham, Pennsylvania.  Toll engages in the business of building and selling homes.

2.     Defendants Chang Su-O Lin, Hong Lien Lin and Hong Yao Lin (collectively, "the Lins") are individuals and on information and belief are part-time residents of California and citizens and residents of Taiwan.

-1-

## JURISDICTION

3. This court has subject matter jurisdiction of this action under 28 U.S.C. Section 1332(a)(2) because:

    a. Toll is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Horsham, Pennsylvania;

    b. The Lins are individuals who are part-time residents of California, where they also own and buy and sell land; and on information and belief they also reside in and are citizens of Taiwan;

    c. There is complete diversity of citizenship between Toll and the Lins; and

    d. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This court has personal jurisdiction over the parties to this action because:

    a. The Lins have extensive real estate holdings and other business dealings in the state, leading to significant and continuing contacts within the State of California.

    b. This lawsuit arises from a contract to purchase real estate from the Lins by Toll Brothers, Inc., who have built and sold homes on such real estate.

## VENUE

5. Venue is proper in this District under 28 U.S.C. Section 1391(a) because:

    a. A substantial portion of the events on which this claim is based occurred in this District; and

    b. The property that is the subject of this action is located within this District.

## INTRADISTRICT ASSIGNMENT

6. Pursuant to Local Rule 3-2(c), this action arises out of Alameda County, the county in which the property that is the subject of this action is located. Thus, assignment to the San Francisco Division or Oakland Division of this District is proper.

////

////

# FIRST CAUSE OF ACTION

### (Rescission)

7. On May 27, 2004, Toll and the Lins entered into a written contract (the "Contract") for the purchase and sale of approximately 147 gross acres of unimproved real property ("the Property") located in Alameda County, California, for valuable consideration. A true and correct copy of the Contract is attached to this First Amended Complaint (the "Complaint") and incorporated by reference in the Complaint as Exhibit A.

8. Under the terms of the Contract, the Lins were to convey the Property to Toll on June 30, 2007, in the Approved Title Condition (as defined in the Agreement) and free of any material physical defects, encumbrances or conditions that would preclude or materially limit the Property's development as a master-planned community. The Lins were further required to, among other things, grade the Property pursuant to the terms of the Agreement. The Property was to be developed in three phases, the third of which is at issue in this Complaint.

9. Toll has paid the Lins the sum of $7,735,000 as a deposit applicable to the purchase price of the Property and duly performed all the terms and conditions required of it by the Contract except as excused by the Lins' breaches and failures of conditions.

10. The Lins have failed and refused to provide the Property in the Approved Title Condition and free of any material physical defects, encumbrances or conditions that would preclude or materially limit the Property's development as a master-planned community.

11. Specifically, the Lins have installed six large aboveground utility vaults, four belowground utility vaults and two overhead power lines on the Property. The Lins further failed to complete the grading of the Property in violation of the terms of the Contract.

12. The structures were installed without the consent of Toll and for the benefit of the Lins. These structures are not included in the Approved Title Condition and materially limit the Property's further development as a master-planned community.

////

13. The Lins also caused easements related to these conditions to be recorded for the benefit of the Lins and without Toll's consent. These encumbrances are not included in the Approved Title Condition and materially limit the Property's development as a master-planned community.

14. Beginning in or about August 2006, Toll learned that the Lins had installed the offending structures on the Property and gave to the Lins numerous written and verbal notices of Toll's objections to the structures. Prior to June 30, 2007, Toll provided further notice to the Lins that the Lins were in default of the Agreement by, among other things, failing to grade the Property pursuant to the Agreement. The Lins refused to take steps to cure. Toll gave the Lins notice of its termination and/or rescission of the Contract on December 7, 2007.

15. The Lins have had a period of time reasonably sufficient to have cured these material conditions and defects and have failed to take commercially reasonable steps to do so. The Lins continue to fail and refuse to cure these material defects.

16. The cumulative effect of these conditions, encumbrances and defects constitutes material failure of consideration for Toll's obligation under the Contract.

17. Toll hereby offers to restore any consideration furnished by defendants, if any has been delivered, on condition that the Lins restore Toll's consideration, consisting of the deposit of $7,735,000 plus prejudgment interest at the legal rate and Toll's out-of-pocket damages, according to proof.

WHEREFORE, Plaintiff prays as hereinafter prayed.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

18. Toll restates and incorporates by reference paragraphs 1 through 17 contained within this Complaint.

19. The Lins are in breach of contract because they failed to cure conditions causing changed circumstances, including the construction of utility vaults without Toll's consent, which was required, which did not meet Toll's design requirements; the

construction of temporary overhead power lines; the recordation of easements on title contrary to the Approved Title Condition; the failure to convey the Property in the Approved Title Condition; and the failure to complete grading as agreed by the parties. As a result of these breaches and changed circumstances and the Lins' failure to cure these conditions, Toll is excused from further performance under the Agreement.

20. By reason of the Lins' breach of contract, Toll has been damaged in the amount of its $7,735,000 deposit, prejudgment interest at the legal rate and out-of-pocket damages, according to proof.

WHEREFORE, Plaintiff prays as hereinafter prayed.

### THIRD CAUSE OF ACTION

### (Foreclosure of Contractual Lien)

21. Toll restates and incorporates by reference paragraphs 1 through 20 contained within this Complaint.

22. Under a Memorandum of Agreement executed by Toll and the Lins on May 5, 2004, and recorded in the County of Alameda on May 28, 2004, the Lins granted to Toll a lien against the Property pursuant to Civil Code Sections 2881 and 2884 to secure performance of the Lins' obligation to refund Toll's deposit of $7,735,000. A true and correct copy of the Memorandum of Agreement is attached to this Complaint and is incorporated by reference in the Complaint as Exhibit B. This instrument was agreed to by Toll and the Lins and operates as a mortgage on the Property in favor of Toll.

23. The Property is described in Exhibit B, which is incorporated by reference herein.

24. The Lins have or claim to have an interest in the Property, which interest is subject to the lien of the Memorandum of Agreement.

25. The Lins have defaulted under the terms of the contract by failing and refusing to provide the Property in the Approved Title Condition and free of any material physical defects, encumbrances or conditions that would preclude or materially limit the Property's development as a master-planned community.

26. Toll is entitled to a declaration of its contractual lien against the Property and for an order for the sale of the Property in accordance with law and application of the proceeds from the sale to satisfy the Lins' debt to Toll.

WHEREFORE, Plaintiff prays as hereinafter prayed.

## FOURTH CAUSE OF ACTION

### (Foreclosure of Purchaser's Lien)

27. Toll restates and incorporates by reference paragraphs 1 through 26 contained within this Complaint.

28. Toll is entitled to a purchaser's lien under Civil Code Section 3050 on the Property in the sum of its deposit of $7,735,000, as well as prejudgment interest and Toll's out-of-pocket damages, according to proof.

29. The Lins have or claim to have an interest in the Property, which interest is subject to Plaintiff's purchaser's lien.

30. The Lins have defaulted under the terms of the contract by failing and refusing to provide the Property in the Approved Title Condition and free of any material physical defects, encumbrances or conditions that would preclude or materially limit the Property's development as a master-planned community.

31. Toll is entitled to a declaration of its purchaser's lien against the Property and for an order for the sale of the Property in accordance with law and application of the proceeds from the sale to satisfy defendants' debt to Toll.

## PRAYER

WHEREFORE, Plaintiff requests judgment as follows:

As to the First Cause of Action:

1. Rescission of the Contract.

2. Restitution of the deposit of $7,735,000 plus prejudgment interest at the legal rate and according to proof.

////

////

-6-
FIRST AMENDED COMPLAINT FOR RESTITUTION AFTER RESCISSION, DAMAGES FOR BREACH OF CONTRACT, FORECLOSURE OF CONTRACTUAL LIEN AND FORECLOSURE OF PURCHASER'S LIEN
\\HFJAFS\NDrive\79675\Ple\318209_3.doc

<u>As to the Second Cause of Action:</u>

<u>1.</u>   Damages for the deposit, out of pocket costs incurred by plaintiff and accrued prejudgment interest, according to proof.

<u>As to the Third Cause of Action:</u>

<u>1.</u>   A declaration that Plaintiff has a contractual lien against the Property herein described to secure repayment of the said sum.

<u>2.</u>   An order for the sale of the premises in accordance with law and pursuant to Plaintiff's contractual lien against the Property, and that the proceeds from the sale be used to satisfy the indebtedness of $7,735,000 plus prejudgment interest.

<u>3.</u>   An order awarding Plaintiff judgment and execution against Defendants, and each of them, for any deficiency that may remain after applying all the proceeds of the foreclosure sale that are applicable to the satisfaction of the amounts found due by the court.

<u>4.</u>   An order that Plaintiff or any other party to this suit may become a purchaser at the foreclosure sale.

<u>As to the Fourth Cause of Action:</u>

<u>1.</u>   A declaration that Plaintiff has a purchaser's lien against the Property herein described to secure repayment of the said sum.

<u>2.</u>   An order for the sale of the premises in accordance with law and pursuant to Plaintiff's purchaser's lien against the Property, and that the proceeds from the sale be used to satisfy the indebtedness of $7,735,000 plus prejudgment interest.

<u>3.</u>   An order awarding Plaintiff judgment and execution against Defendants, and each of them, for any deficiency that may remain after applying all the proceeds of the foreclosure sale that are applicable to the satisfaction of the amounts found due by the court.

<u>4.</u>   An order that Plaintiff or any other party to this suit may become a purchaser at the foreclosure sale.

////

<u>As to all Causes of Action:</u>

<u>1.     Reasonable attorney's fees.</u>

<u>2.     Costs.</u>

<u>3.     Such other relief as the court deems proper.</u>

DATED: _____, 2008

          HOGE, FENTON, JONES & APPEL, INC.


By _____
   John H. Adams, Jr.
   Attorneys for Plaintiff
   TOLL BROTHERS, INC.