CARL McCONNELL – BAR NO. 42976
JOHN H. ADAMS, JR. – BAR NO. 253341
HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
San Jose, California 95113-2396
Phone: (408) 287-9501
Fax:  (408) 287-2583
Email: clm@hogefenton.com
Email: jha@hogefenton.com

TIMOTHY J. HOBAN – BAR NO. 192461
Regional Counsel
Toll Brothers, Inc.
725 Town & Country Road, Suite 500
Orange, CA 92688
(714) 347-1300

Attorneys for Plaintiff and Counter-
Defendant, TOLL BROTHERS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOLL BROTHERS, INC.<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CHANG SU-O LIN; HONG LIEN LIN; HONG YAO LIN,<br><br>　　　　Defendants.<br><br>CHANG SU-O LIN, HONG LIEN LIN AND HONG YAO LIN,<br><br>　　　　Counter-Claimants,<br><br>　vs.<br><br>TOLL BROTHERS, INC.,<br><br>　　　　Counter-Defendant | No. C08 00987 MMC<br><br>REPLY OF TOLL BROTHERS, INC. TO COUNTER-CLAIM OF CHANG SU-O LIN, HONG LIEN LIN AND HONG YAO LIN |

　　　　Counter-Defendant TOLL BROTHERS, INC. ("Toll") hereby responds to the

Counter-Claim for Declaratory Relief, Damages and Quiet Title ("Counter-Claim") filed by

Counter-Claimants Chang Su-O Lin, Hong Lien Lin and Hong Yao Lin (collectively the "Lins") as follows:

### PARTIES

1.  Answering the allegations contained in Paragraph 1, Toll admits on information and belief said allegations.

2.  Answering the allegations contained in Paragraph 2, Toll admits that it is a Delaware corporation whose principal place of business is Horsham, Pennsylvania; that, through subsidiaries and affiliates, Toll engages in the business of building and selling homes, the acquisition of land, securing entitlements and approvals for development, land development work, and employs a staff, which includes, among others, planning, engineering and legal professionals. Except as specifically admitted herein, Toll denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

### JURISDICTION

3.  Answering the allegations contained in Paragraph 3, Toll admits said allegations.

### VENUE

4.  Answering the allegations contained in Paragraph 4, Toll admits said allegations.

### INTRA-DISTRICT ASSIGNMENT

5.  Answering the allegations contained in Paragraph 5, Toll admits said allegations.

### GENERAL ALLEGATIONS

6.  Answering the allegations contained in Paragraph 6, Toll admits said allegations, except that Toll and the Lins entered into the Contract on or about May 27, 2004, not May 20, 2004.

7.  Answering the allegations contained in Paragraph 7, Toll admits on information and belief said allegations.

8. Answering the allegations contained in Paragraph 8, Toll admits that on or about May 28, 2004, Toll recorded a Memorandum of Agreement with the Alameda County Recorder's Office that made the existence of the Contract between the parties a matter of public record. Except as specifically admitted herein, Toll denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

9. Answering the allegations contained in Paragraph 9, Toll admits that in connection with this action, Toll filed and recorded a Notice of Pendency of Action. Except as specifically admitted herein, Toll denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

10. Answering the allegations contained in Paragraph 10, Toll admits said allegations.

11. Answering the allegations contained in Paragraph 11, Toll admits that under the terms of the Contract, Toll had certain obligations to the Lins that formed a part of the consideration of the Contract. The Contract speaks for itself. Except as specifically admitted herein, Toll denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

12. Answering the allegations contained in Paragraph 12, Toll admits that under the terms of the Contract, the closing of Sub-Area 3 was scheduled for June 30, 2007. Except as specifically admitted herein, Toll denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

13. Answering the allegations contained in Paragraph 13, Toll alleges that it was under no obligation to close the transaction at the time for the close of Sub-Area 3 as a result of a failure of the Lins to perform their obligations under the Contract. Except as specifically admitted herein, Toll denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

14. Answering the allegations contained in Paragraph 14, Toll admits that when issues arose over the pre-closing and closing conditions of Sub-Area 3, Toll met with representatives of the Lins with regard to the utility vaults and overhead power lines.

Except as specifically admitted herein, Toll denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

15. Answering the allegations contained in Paragraph 15, Toll admits that it gave the Lins notice of its termination and/or rescission of the Contract on December 7, 2007. Except as specifically admitted herein, Toll denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

16. Answering the allegations contained in Paragraph 16, Toll admits that it gave the Lins notice of its termination and/or rescission of the Contract on December 7, 2007. Except as specifically admitted herein, Toll denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

17. Answering the allegations contained in Paragraph 17, Toll admits that on January 24, 2008, the Lins sent a letter in which the Lins claimed that Toll was in breach of the Contract and demanded that Toll execute a quitclaim deed to remove the Memorandum of Agreement as a cloud on the title to Sub-Area 3. Except as specifically admitted herein, Toll denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

18. Answering the allegations contained in Paragraph 18, Toll admits that section 4.4 of the Contract states that the Lins are allowed to keep Toll's deposit in the event that Toll defaults under the Contract; that the Lins are still in possession of Toll's deposit in the amount of $7,735,000; and that the Lins breached the Contract with Toll by failing timely, fully and adequately to perform the terms and conditions therein, thereby preventing Toll's performance and discharging any obligation on the part of Toll. Except as specifically admitted herein, Toll denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

19. Answering the allegations contained in Paragraph 19, Toll denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

**FIRST CAUSE OF ACTION**

20. Answering the allegations contained in paragraph 20, which incorporates

-4-

paragraphs 1-19, Toll refers to its answers to those same paragraphs and by such reference incorporates them herein to have the same force and effect as if set forth fully at length.

21. Answering the allegations contained in Paragraph 21, Toll admits said allegations.

22. Answering the allegations contained in paragraph 22, Toll admits on information and belief that the allegations of paragraph 22 are a statement of the Lins' request to the Court.

## SECOND CAUSE OF ACTION

23. Answering the allegations contained in paragraph 23, which incorporates paragraphs 1-19, Toll refers to its answers to those same paragraphs and by such reference incorporates them herein to have the same force and effect as if set forth fully at length.

24. Answering the allegations contained in Paragraph 24, Toll denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

25. Answering the allegations contained in Paragraph 25, Toll denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

26. Answering the allegations contained in Paragraph 26, Toll admits that section 4.4 of the Contract states that the Lins are allowed to keep Toll's deposit in the event that Toll defaults under the Contract; that section 18.1 of the Contract states that the Lins are entitled to recover attorney's fees and costs in the event that Toll defaults under the Contract; and that the Lins breached the Contract with Toll by failing timely, fully and adequately to perform the terms and conditions therein, thereby preventing Toll's performance and discharging any obligation on the part of Toll.  Except as specifically admitted herein, Toll denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

27. Answering the allegations contained in Paragraph 27, Toll denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

## THIRD CAUSE OF ACTION

28. Answering the allegations contained in Paragraph 28, which incorporates paragraphs 1-26, Toll refers to its answers to those same paragraphs and by such reference incorporates them herein to have the same force and effect as if set forth fully at length.

29. Answering the allegations contained in Paragraph 29, Toll admits on information and belief said allegations.

30. Answering the allegations contained in Paragraph 30, Toll admits that the Lins seek to quiet title against Toll and the Memorandum of Agreement, which was recorded against the Property on May 28, 2004, and the Notice of Pendency of Action. Except as specifically admitted herein, Toll denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Sufficient Facts)

Toll alleges on information and belief that the Counter-Claim and each purported cause of action contained therein fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Perform)

The Lins breached the Contract with Toll by failing timely, fully and adequately to perform the terms and conditions therein, thereby preventing Toll's performance and discharging any obligation on the part of Toll.

### THIRD AFFIRMATIVE DEFENSE

(Full Performance)

Toll alleges that it timely, fully and adequately performed all duties and obligations it may have owed to the Lins arising out of the Contract prior to the commencement of this action, and each purported cause of action contained in the Counter-Claim is thereby barred.

## FOURTH AFFIRMATIVE DEFENSE

(Breach of the Duty of Good Faith and Fair Dealing)

Toll alleges that the Lins breached the covenant of good faith and fair dealing owed to Toll, and the Counter-Claim and each purported cause of action contained therein is thereby barred.

## FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Toll alleges on information and belief that the Counter-Claim and each purported cause of action contained therein is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

(Laches)

Toll alleges on information and belief that the Counter-Claim and each purported cause of action contained therein is barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

(Waiver)

Toll alleges on information and belief that the Counter-Claim and each purported cause of action contained therein is barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

(Estoppel/Ratification)

Toll alleges on information and belief that the Counter-Claim and each purported cause of action contained therein is barred by the approval and ratification of Toll's conduct by the Lins, and the Lins are therefore estopped from asserting any claim based thereon.

## NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Toll alleges on information and belief that the Lins, by the exercise of reasonable effort, could have mitigated the amount of any damages allegedly suffered by them, and any recovery by the Lins is therefore barred.

////

## TENTH AFFIRMATIVE DEFENSE

(Intervening and Superseding Cause)

Toll alleges on information and belief that to the extent, if any, the Lins have suffered damages, these damages were not caused by any action or inaction of Toll, but by the actions and/or omissions of unnamed third parties, and any recovery by the Lins is therefore barred.

## ELEVENTH AFFIRMATIVE DEFENSE

(Right to Amend Reserved)

Toll presently has insufficient knowledge and information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Toll reserves the right to amend to assert additional defenses in the event that discovery shows that they are appropriate.

WHEREFORE, Toll prays for judgment against Counter-Claimants, and that Counter-Claimants take nothing on their counter-claim, for costs of suit incurred herein, and for such other and further relief as the Court deems just and proper.

DATED: May 27, 2008

HOGE, FENTON, JONES & APPEL, INC.

By _____
John H. Adams, Jr.
Attorneys for Plaintiff and Counter-Defendant, TOLL BROTHERS, INC.