UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| TOLL BROTHERS, INC. | No. C08 00987 MMC |
|---|---|
| Plaintiff, | |
| vs. | JOINT CASE MANAGEMENT STATEMENT |
| CHANG SU-O LIN; HONG LIEN LIN; HONG YAO LIN, | |
| Defendants. | |
| CHANG SU-O LIN; HONG LIEN LIN; HONG YAO LIN, | |
| Counter-claimants, | |
| vs. | |
| TOLL BROTHERS, INC. | |
| Counter-defendants. | |

The parties in the above-entitled action jointly submit this Case Management Statement.

**JURISDICTION AND SERVICE**

This court has subject matter jurisdiction of this action under 28 U.S.C. Section 1332(a)(2) because there is complete diversity of citizenship between plaintiff and counter-defendant Toll Brothers, Inc. ("Toll"), and defendants and counter-claimants Chang Su-O Lin, Hong Lien Lin and Hong Yao Lin (collectively, "the Lins"), and the amount in controversy exceeds $75,000, exclusive of interest and costs. Toll is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Horsham, Pennsylvania, and the Lins are individual citizens and residents of Taiwan who own and buy and sell land in California.

All Parties have significant and continuing contacts within the State of California as a result of their extensive real estate holdings and other business dealings in the state.

1  Thus, thus there is no issue with personal jurisdiction. Venue is also proper, as a
2  substantial portion of the events on which these claims are based occurred in this District,
3  and the real estate that is the subject of this action is located within this District.
4      No parties to this action remain to be served. However, discovery may reveal the
5  need to add additional parties.

## FACTS

7      On May 27, 2004, Toll and the Lins entered into a written contract (the "Contract")
8  for the purchase and sale of approximately 147 gross acres of unimproved real property
9  ("the Property") located in Alameda County, California. The total purchase price was
10 $241,500,000. The Property was to be developed for residential housing and was to close
11 in three separate closings. The first two closings were completed. This litigation involves
12 the closing on the third phase.
13     Toll paid the Lins a deposit in the amount of $7,735,000 which was to be credited
14 towards the purchase price of the third phase of the Property. This amount was to be
15 retained by the Lins in the event that Toll breached or defaulted on the contract.
16     The Lins were to convey the Property to Toll on June 30, 2007, in the Approved Title
17 Condition (as defined in the Agreement) and free of any material physical defects,
18 encumbrances or conditions that would preclude or materially limit the Property's
19 development as a master-planned community.
20     As a special condition of closing on phase 3, Toll was required to reconvey to the
21 Lins or their assigns (the local school district), an elementary school parcel that was
22 located on the Property transferred by the Lins to Toll in the second closing and Toll was
23 required to perform other Buyer's obligations set forth in the contract relating to the
24 Property in the second closing. The Lins contend that these conditions were not met.
25     The Lins installed six above-ground utility vaults and four below-ground utility vaults
26 and two temporary overhead power lines on the third phase of the Property and recorded
27 temporary or permanent easements relating to the installation of these utilities. The Lins
28 claim that these utilities were either temporary or could be relocated. Toll contends this

-2-

was a material breach of the agreement.

The factual issues in dispute are whether Toll was in default under the contract and whether the Lins were in material breach of the contract.

## LEGAL ISSUES

The disputed points of law in these actions are whether acts or omissions by Toll and/or the Lins constitute material breaches of the Contract sufficient to justify the remedies sought by each party.

## MOTIONS

The only motion that has been made in this case to date is Toll's Motion for Leave to File an Amended Complaint. After Toll filed the motion, the Lins agreed to stipulate to filing of the Amended Complaint.

No further motions are anticipated at this time.

## AMENDMENT OF PLEADINGS

The Lins plan on amending their Answer to respond to the two causes of action added in Toll's Amended Complaint. The parties do not anticipate any further amendment of their pleadings at this time. Discovery may reveal the need for additional amendments.

## EVIDENCE PRESERVATION

All Parties have taken steps to preserve all evidence relevant to the case, including preserving hard copies and electronic versions of relevant documents and writings.

## DISCLOSURES

The Parties have stipulated to waive the initial disclosure requirements of FRCP 26. Instead, the Parties have agreed to produce a mutually compiled, extensive list of documents which the Parties have agreed to produce. The Parties plan to exchange documents set forth in the list in lieu of the initial disclosures required under FRCP 26. The Parties believe that this procedure will satisfy the requirements of FRCP 26 and avoid the necessity of initial document requests by not only providing an informal exchange of documents that each side is likely to rely on in supporting its claims and defenses but also producing documents that the other side would request in production. The Parties will

JOINT CASE MANAGEMENT STATEMENT
\\HFJAFS\NDrive\79675\Ple\322624_2.doc

produce the to-be-agreed-upon document list, lists of potential witnesses, insurance information and damages computations by June 5, 2008. The Parties will produce the documents on the document list by June 20, 2008.

## DISCOVERY

No discovery has been taken to date. Anticipated discovery will include requests for production of documents, special interrogatories, requests for admission and depositions of percipient and expert witnesses.

**Discovery plan**

1) The modified initial disclosure described above will be made by June 20, 2008. As discussed above, the parties have stipulated to waive the initial disclosure requirements of FRCP 26 and have agreed to a modified initial production of documents based upon a mutually prepared and approved list, which is to be produced by June 5, 2008. Disclosures will be based upon information reasonably available to each party at the time of disclosure. Each Party will supplement and correct its disclosure if and when additional documents become known.

In order to avoid the necessity for formal discovery of the documents contained on the list, the Parties have stipulated that Parties that do not produce documents contained on the list before trial, will be barred from using non-disclosed documents to support their claims and/or defenses unless the Court makes a finding of inadvertence or excusable neglect and a finding that it would be unjust to bar the documents under the facts and circumstances. Any documents not covered by the original list will be subject to formal discovery pursuant to the Federal Rules of Civil Procedure.

The Parties may request production of additional documents at any time after June 20, 2008.

2) Other formal discovery may begin August 4, 2008. The Parties will attempt to work out a deposition schedule on or before August 1, 2008. The last day to serve written discovery requests (RFPDs, special interrogatories, RFAs) will be February 2, 2009.

1  Depositions may begin August 18, 2008. The last day for formal discovery will be February
2  2, 2009.
3          3)      Electronic information will be produced on paper, unless production in
4  electronic form would be substantially more convenient. Such production will be via CD,
5  DVD or hard drive, in the native format of the documents, unless such native format is not
6  readily available to the other party (i.e., proprietary software).
7          4)      Procedures to be used for inadvertent disclosure of privileged or work-
8  product information will be those set out in FRCP 26(b)(5)(b).

## RELATED CASES

None.

## RELIEF

Toll seeks rescission of the Contract; restitution of its $7,735,000 deposit, plus prejudgment interest; damages for the deposit, out-of-pocket expenses incurred and prejudgment interest; a declaration that Toll has a contractual and/or purchaser's lien against the Property to secure repayment of the deposit; an order for the sale of the Property pursuant to Toll's claimed liens against the Property, and that the proceeds from the sale be used to satisfy the deposit plus prejudgment interest; an order awarding Toll judgment and execution against the Lins, and each of them, for any deficiency that may remain after applying all the proceeds of the foreclosure sale that are applicable to the satisfaction of the amounts found due by the court; an order that Toll or any other party to the suit may become a purchaser at the foreclosure sale. That the Lins take nothing by way of their counter-claim; reasonable attorney's fees; costs; and such other relief as the court deems proper.

The Lins seek the following: a judicial determination that Toll is in breach of the Contract and that the Lins are entitled to keep Toll's deposit as liquidated damages; judgment in the amount of $7,735,000 as liquidated damages; compensatory damages according to proof; for the cost necessary to convey the elementary school parcel in Sub-Area 2 to the school district and complete the related infrastructure and the costs of

-5-

completing the Buyer's work in Sub-Area 2; an order requiring Toll to take all actions necessary to convey the elementary school parcel in Sub-Area 2 to the Lins or their assignee; judgment quieting title in the Lins' favor as fee owners of the Property and that Toll has no right, title, lien or interest in the Property adverse to the Lins; that Toll take nothing by way of its Complaint; that the relief prayed for in Toll's complaint be denied; that no orders of any nature whatsoever issue out of this Court in favor of Toll and against the Lins; reasonable attorney's fees; costs; and such other relief as the court deems proper.

## SETTLEMENT AND ADR

The parties engaged in an all-day mediation prior to the filing of Toll's complaint, as required by the Contract. At this time, the parties do not believe further ADR is likely to deliver benefits to the parties sufficient to justify the resources consumed by its use but believe that further ADR may be appropriate after initial discovery and depositions are complete.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have a magistrate judge conduct all further proceedings.

## OTHER REFERENCES

The parties do not believe that the case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

## NARROWING OF ISSUES

The parties have not agreed that any issues may be narrowed by agreement or by motion at this time. However, the Parties will make a good faith effort to do so after initial discovery and depositions are complete.

## EXPEDITED SCHEDULE

Because of the issues involved, the parties do not believe that this case is the type that may be handled on an expedited basis with streamlined procedures.

## SCHEDULING

See discovery plan above.

## TRIAL

This case involves causes of action for judicial foreclosure. Plaintiff contends that Foreclosure is an equitable action, and thus there is no right to jury trial as to the foreclosure causes of action, even if a deficiency judgment is sought. (*Downing v. Le Du* (1890) 82 Cal. 471, 473.) Thus, Plaintiff claims that the foreclosure causes of action must first be tried to the Court.

Although Defendants stipulated to the amendment to the Complaint to add the foreclosure causes of action, they do not agree that this is an appropriate remedy in this case and may at some future time challenge this remedy.

The expected length of trial is six to eight full trial days.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Toll has filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-16. Toll has no parent corporation, and no publicly held corporation owns 10 percent or more of Toll Brothers, Inc.'s stock.

The Lins have no disclosure to make pursuant to Local Rule 3-16(b)(1).

DATED: May 30, 2008

For Plaintiff:

HOGE, FENTON, JONES & APPEL, INC.

By _____
John H. Adams, Jr.
Attorneys for Plaintiff
TOLL BROTHERS, INC.

Dated: May 30, 2008

For Defendants:

McNICHOLS BEERS LLP

By _____
Steve McNichols
Attorneys for Defendants
Chang Su-O Lin, Hong Lien Lin and
Hong Yao Lin

JOINT CASE MANAGEMENT STATEMENT
\\HFJAFS\NDrive\79675\Ple\322624_2.doc