1   **Steve McNichols, SBN 43556**
    **David Austin, SBN 215371**
2   **MCNICHOLS BEERS LLP**
    6600 Koll Center Parkway, Suite 250
3   Pleasanton, California94566
    Telephone (925) 600-1800
4   Facsimile  (925) 600-1802

5   Attorneys for Defendants and Counter-Claimants
    CHANG SU-O LIN, HONG LIEN LIN
6   AND HONG YAO LIN

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11  | TOLL BROTHERS, INC., | **No. C08 00987 MMC** |

12                  Plaintiff,

13  vs.                                    **ANSWER TO** *FIRST AMENDED*
                                           **COMPLAINT AND COUNTER-**
14  CHANG SU-O LIN, HONG LIEN              **CLAIM**
    LIN AND HONG YAO LIN,
15
                    Defendants.           **DEMAND FOR JURY TRIAL**
16

17  CHANG SU-O LIN, HONG LIEN
    LIN AND HONG YAO LIN,
18
                                          Courtroom: 2
19              Counter-Claimants,
                                          Judge:     Honorable Maxine Chesney
20  vs.

21  TOLL BROTHERS, INC.,

22              Counter-Defendant.

23

24        **ANSWER TO FIRST AMENDED COMPLAINT**

25      Defendants Chang Su-o Lin, Hong Lien Lin, and Hong Yao Lin

26  ("Defendants") answer the First Amended Complaint for Restitution on file

27  herein as follows:

28

## PARTIES

1.      In answer to Paragraph 1 of the First Amended Complaint, Defendants are without sufficient knowledge and information to admit or deny the truth of the allegations therein.

2.      In answer to Paragraph 2 of the First Amended Complaint, Defendants admit that they are individual citizens and residents of Taiwan. Defendants deny the remaining allegations therein.

## JURISDICTION

3.      In answer to Paragraph 3 of the First Amended Complaint, Defendants incorporate their responses to Paragraphs 1 and 2 above in answer to Paragraph 3a and Paragraph 3b and admit the remaining allegations therein.

4.      In answer to Paragraph 4 of the First Amended Complaint, Defendants admit the allegations therein.

## VENUE

5.      In answer to Paragraph 5 of the First Amended Complaint, Defendants admit the allegations therein.

## INTRA-DISTRICT ASSIGNMENT

6.      In answer to Paragraph 6 of the First Amended Complaint, Defendants admit the allegations therein.

## FIRST CAUSE OF ACTION

7.      In answer to Paragraph 7 of the First Amended Complaint, Defendants admit the allegations therein.

8.      In answer to Paragraph 8 of the First Amended Complaint, Defendants admit that under the terms of the Contract, the Lins agreed to sell and Toll agreed to purchase the Property described in the Contract that there were three (3) separate closings, and that the purchase price was to be paid in three (3) installments on three (3) different dates according to the terms of the Contract.

1  Defendants further admit that Phase One and Phase Two closed, that Phase Three

2  was to close on June 30, 2007 under the terms of the Contract and that the Third

3  Phase is at issue in the First Amended Complaint. Defendants deny the

4  remaining allegations therein.

5       9.    In answer to Paragraph 9 of the First Amended Complaint,

6  Defendants admit that Toll paid a deposit under the terms of the Contract and that

7  $7,735,000 of the deposit was applicable to the purchase price of Sub-Area 3

8  upon closing of the purchase of that area according to the terms of the Contract.

9  Defendants deny the remaining allegations therein.

10      10.    In answer to Paragraph 10 of the First Amended Complaint,

11 Defendants deny the allegations in Paragraph 10 therein.

12      11.    In answer to Paragraph 11 of the First Amended Complaint,

13 Defendants admit that required infrastructure, including six (6) above ground

14 utility vaults, four (4) below ground utility vaults and temporary overhead power

15 lines were installed on the property. Defendants deny the remaining allegations

16 therein.

17      12.    In answer to Paragraph 12 of the First Amended Complaint,

18 Defendants deny the allegations therein.

19      13.    In answer to Paragraph 13 of the First Amended Complaint,

20 Defendants admit that required easements relating to the utility vaults and a

21 temporary easement relating to the temporary power lines were recorded.

22 Defendants deny the remaining allegations therein.

23      14.    In answer to Paragraph 14 of the First Amended Complaint,

24 Defendants are without sufficient knowledge or information to admit or deny

25 when Toll learned of the installation of the utility vaults and temporary power

26 lines. Defendants admit that Toll gave Lins Notice of Termination and a

27 rescission of the Contract on December 7, 2007. Defendants deny the remaining

28

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTER-CLAIM
Case No. C08 00987 MMC

1  allegations therein.

2    15.    In answer to Paragraph 15 of the First Amended Complaint,
3  Defendants deny the allegations therein.

4    16.    In answer to Paragraph 16 of the First Amended Complaint,
5  Defendants deny the allegations therein.

6    17.    In answer to Paragraph 17 of the First Amended Complaint,
7  Defendants are without sufficient knowledge or information to admit or deny the
8  allegations of Paragraph 17 therein.

9                    **SECOND CAUSE OF ACTION**

10    18.    In answer to Paragraph 18 of the First Amended Complaint,
11  Defendants incorporate by reference their responses to Paragraphs 1 through 17
12  above.

13    19.    In answer to Paragraph 19 of the First Amended Complaint,
14  Defendants deny the allegations therein.

15    20.    In answer to Paragraph 20 of the First Amended Complaint,
16  Defendants deny the allegations therein.

17                    **THIRD CAUSE OF ACTION**

18    21.    In answer to Paragraph 21 of the First Amended Complaint,
19  Defendants incorporate by reference their response to Paragraphs 1 through 20
20  above.

21    22.    In answer to Paragraph 22 of the First Amended Complaint,
22  Defendants admit that the Memorandum of Agreement was executed by Toll and
23  the Lins and recorded in Alameda County on May 28, 2004.  The Lins further
24  admit that Paragraph 5 of the Memorandum of Agreement provides that
25  "Pursuant to Sections 2881 and 2884 of the California Civil Code, Seller hereby
26  grants to Buyer a lien against the Property, and this Memorandum shall constitute
27  notice of such lien, solely to secure the performance of Seller's obligation to

28

McNichols Beers LLP
Pleasanton, California

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTER-CLAIM
Case No. C08 00987 MMC

1  refund the Deposit provided by Buyer and disbursed to Seller if Buyer become

2  entitled such reimbursement in accordance with the terms of the Agreement."

3  Defendants further admit that a true and correct copy of the Memorandum of

4  Agreement is attached to the First Amended Complaint and is incorporated by

5  reference therein as Exhibit B.  Defendants deny the remaining allegations

6  therein.

7       23.     In answer to Paragraph 23 of the First Amended Complaint,

8  Defendants admit that the Property which is at issue in the First Amended

9  Complaint is included within the description of the Property set forth on Exhibit

10  B.  Defendants deny the remaining allegations therein.

11       24.     In answer to Paragraph 24 of the First Amended Complaint,

12  Defendants admit that they are the owners of a portion of the Property described

13  in the Memorandum of Agreement.  Defendants deny the remaining allegations

14  therein.

15       25.     In answer to Paragraph 25 of the First Amended Complaint,

16  Defendants deny the allegations therein.

17       26.     In answer to Paragraph 26 of the First Amended Complaint,

18  Defendants deny the allegations therein.

19  **FOURTH CAUSE OF ACTION**

20       27.     In answer to Paragraph 27 of the First Amended Complaint,

21  Defendants incorporate by reference their response to Paragraphs 1 through 26

22  above.

23       28.     In answer to Paragraph 28 of the First Amended Complaint,

24  Defendants deny the allegations therein.

25       29.     In answer to Paragraph 29 of the First Amended Complaint,

26  Defendants admit that they are the owners of a portion of the Property described

27  in the Memorandum of Agreement.  Defendants deny the remaining allegations

28

5

1  therein.

2      30.   In answer to Paragraph 30 of the First Amended Complaint,

3  Defendants deny the allegations therein.

4      31.   In answer to Paragraph 31 of the First Amended Complaint,

5  Defendants deny the allegations therein.

6  ## AFFIRMATIVE DEFENSES

7  ### FIRST AFFIRMATIVE DEFENSE

8  **(Failure to State Sufficient Facts)**

9  As a separate and distinct affirmative defense to the First Amended

10  Complaint, these answering Defendants allege that Plaintiff has failed to state

11  facts sufficient to constitute a cause of action against these answering

12  Defendants.

13  ### SECOND AFFIRMATIVE DEFENSE

14  **(Full Performance of all Obligations)**

15  As a separate and distinct affirmative defense to the First Amended

16  Complaint, these answering Defendants allege that prior to the commencement of

17  this action, these answering Defendants duly performed, satisfied, and discharged

18  all duties and obligations they may have owed to Plaintiff arising out of any and

19  all agreements, representations, or contracts made by or on behalf of these

20  answering Defendants, either individually or in any other capacity, and that,

21  therefore, this action is barred.

22  ### THIRD AFFIRMATIVE DEFENSE

23  **(Failure to Perform Condition Precedent)**

24  As a separate and distinct affirmative defense to the First Amended

25  Complaint, these answering Defendants allege that Plaintiff is barred from

26  recovering any relief pursuant to these causes of action because Plaintiff and/or

27  its agents failed to perform conditions precedent to Defendants' performance;

28

1  including their obligation under the Contract to have reconveyed to the Sellers or
2  Sellers' assignee the elementary school parcel in Sub-Area 2 prior to the third
3  closing on June 30, 2007.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Perform All Obligations)

6  As a separate and distinct affirmative defense to the First Amended
7  Complaint, these answering Defendants allege that Plaintiff is barred from
8  recovering any relief pursuant to these causes of action because Plaintiff and/or
9  its agents failed to perform all of its obligations under the Contract between the
10  parties to this action; including conveyance to Sellers or Sellers' assignee of the
11  elementary school parcel in Sub-Area A prior to the third closing on June 30,
12  2007. Performance of Buyer's obligation under Exhibit D regarding Sub-Area 2,
13  Buyer's failure to close on Sub-Area 3 and, on information and belief, Buyer's
14  assignment of rights in violation of the terms of the Contract.

## FIFTH AFFIRMATIVE DEFENSE

### (Not Ready, Willing & Able to Close Transaction)

17  As a separate and distinct affirmative defense to the First Amended
18  Complaint, these answering Defendants allege, on information and belief, that
19  Plaintiff is barred from recovering any relief pursuant to these causes of action
20  because Plaintiff and/or its agents were not ready, willing, and/or able to perform
21  their obligations under the Contract when the time for their performance arose.

## SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach of their Duty of Good Faith and Fair Dealing)

24  As a separate and distinct affirmative defense to the First Amended
25  Complaint, these answering Defendants allege that Plaintiff is barred from
26  recovering any relief pursuant to these causes of action because Plaintiff and/or
27  its agents breached the covenant of good faith and fair dealing owed to
28

McNICHOLS BEERS LLP
PLEASANTON, CALIFORNIA

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTER-CLAIM
Case No. C08 00987 MMC

Defendants pursuant to any and all agreements, whether written, oral, or implied between Plaintiff and Defendant, either individually or in any other capacity.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering Defendants allege that because Plaintiff unreasonably delayed in giving notice of the conditions set forth in the First Amended Complaint alleged to excuse its performance of the Contract and unreasonably delayed in bringing this suit and, consequently, caused injustice, unfairness, prejudice, and inequity to these answering Defendants, Plaintiff is barred from asserting the claims alleged in the First Amended Complaint by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering Defendants allege that by and through the reason of knowledge, writings, statements, omissions, and conduct of Plaintiff and/or its agents with regard to the Defendants representations regarding the non-material matters of the conditions set forth in the First Amended Complaint alleged to excuse its performance of the Contract and its conduct and delay in giving notice of the conditions set forth in the First Amended Complaint as excusing their performance of the Contract, Plaintiff is estopped to complain of the acts and/or alleged omissions on the part of these answering Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering Defendants allege that Plaintiff and/or its agents, by

McNichols Beers LLP
Pleasanton, California

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTER-CLAIM
Case No. C08 00987 MMC

1   reason of their knowledge, writings, statements, omissions and conduct have

2   waived any rights that it may have to claim that acts or alleged omissions of these

3   answering Defendants excuse further performance by Plaintiff or create

4   obligations or liabilities in support to these answering Defendants to Plaintiff,

5   thereby barring the First Amended Complaint.

6                        **TENTH AFFIRMATIVE DEFENSE**

7                   **(Consent, Approval, and Ratification)**

8        As a separate and distinct affirmative defense to the First Amended

9   Complaint, these answering Defendants allege that Plaintiff is not entitled to any

10  relief on its claims because Plaintiff and/or its agents, consented to, approved,

11  and/or ratified the acts and alleged omissions of which Plaintiff now complains,

12  which bars this action.

13                     **ELEVENTH AFFIRMATIVE DEFENSE**

14                             **(Unclean Hands)**

15       As a separate and distinct affirmative defense to the First Amended

16  Complaint, these answering Defendants allege that Plaintiff and/or its agents, are

17  guilty of inequitable conduct with reference to the matters in the First Amended

18  Complaint, and such inequitable conduct therefore bars Plaintiff's recovery

19  herein under the equitable doctrine of unclean hands.

20                      **TWELFTH AFFIRMATIVE DEFENSE**

21                 **(Fraud, Misrepresentation and Deceit)**

22       As a separate and distinct affirmative defense to the First Amended

23  Complaint, these answering Defendants allege, on information and belief, that

24  Plaintiff is barred from recovering any relief because of its fraud,

25  misrepresentation and deceit in regard to the nature of the assignment which

26  Plaintiff represented to be a "Land Banking" Agreement with regard to Sub-Area

27  2 of the Contract.

28

MCNICHOLS BEERS LLP
PLEASANTON, CALIFORNIA

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTER-CLAIM
Case No. C08 00987 MMC

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure Perform All Obligations)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering Defendants allege that Plaintiff is barred from recovering any relief because Plaintiff and/or its agents failed to perform all of its obligations under the Contract between the parties to this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

As a separate and distinct affirmative defense to the First Amended Complaint, these answering Defendants allege that Plaintiff and/or its agents failed to take such steps, or took such steps, such that Plaintiff's damages, if any, were not mitigated or were increased by reason thereof, with the result that Plaintiff is barred, in whole or in part, from recovery from these answering Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Intervening and Superceding Cause)

These answering Defendants are informed and believe, and thereon allege, that if Plaintiff proves it suffered or sustained any loss, damage or injury, then this loss, damage or injury was proximately and legally caused or contributed to by the actions of Plaintiff or other persons, entities, named or unnamed, and that such actions were an intervening or superceding cause of the loss, damage, or injury of which Plaintiff complains.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Vague, Ambiguous, and Conclusory Allegations)

As a separate and distinct affirmative defense to the First Amended Complaint and each and every cause of action purported to be stated therein, Defendants allege that the First Amended Complaint, and each cause of action

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTER-CLAIM
Case No. C08 00987 MMC

1  therein, is stated in vague, ambiguous, and conclusory terms.  For these reasons,

2  these answering Defendants cannot fully anticipate all affirmative defenses that

3  may be applicable to this action.  Accordingly, Defendants hereby reserve their

4  rights to add additional affirmative defenses, if and to the extent such affirmative

5  defenses are applicable to this action.

## COUNTER-CLAIM

7      Pursuant to Federal Rules of Civil Procedure Rule 13, Defendants allege

8  the following counter-claims against Plaintiff and Defendants demand a trial by

9  jury on all issues to which they are entitled to such a trial:

## PARTIES

11      1.      Counter-Claimants/Defendants Chang Su-o Lin, Hong Lien Lin, and

12  Hong Yao Lin (collectively the "Lins") are individuals and are citizens and

13  residents of Taiwan.

14      2.      The Lins are informed and believe that Counter-Defendant/Plaintiff

15  Toll Brothers, Inc. ("Toll") is a Delaware Corporation whose principal place of

16  business is Horsham, Pennsylvania, and that Toll is a builder of luxury homes

17  throughout the United States.  In addition to building homes, the Lins are

18  informed and believe that Toll continually pursues the acquisition of residential

19  land throughout the United States for their own use, obtains entitlements and

20  approvals for land for development and does the land development work, and that

21  Toll has a large staff of planning, engineering and legal professionals.

## JURISDICTION

23      3.      This Court has subject matter jurisdiction over these counter-claims

24  pursuant to 28 U.S.C. § 1367(a).

## VENUE

26      4.      Venue is proper in this Court under 28 U.S.C. § 1391(a) because a

27  substantial portion of the events on which these counter-claims are based

28

McNICHOLS BEERS LLP
PLEASANTON, CALIFORNIA

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTER-CLAIM
Case No. C08 00987 MMC

occurred in this District and because the property that is the subject of this action is located within this District.

## **INTRA-DISTRICT ASSIGNMENT**

5.      Assignment to the San Francisco Division or Oakland Division of this District is proper pursuant to Local Rule 3.2(c).

## **GENERAL ALLEGATIONS**

6.      On or about May 20, 2004, the Lins and Toll entered into a written agreement whereby the Lins agreed to sell and Toll agreed to purchase approximately 147 acres of real property located within the City of Dublin, County of Alameda, State of California, pursuant to the terms and conditions of the Contract which is attached to the First Amended Complaint on file herein as Exhibit A ("Contract").

7.      As of May 20, 2004, the Lins were the owners of the properties described in Exhibit A and are currently the owners of Sub-Area 3 described in the Contract.

8.      On or about May 28, 2004, Toll recorded a "Memorandum of Agreement" with the Alameda County Recorder's Office which made the existence of the Contract between the parties a matter of public record and constitutes a cloud on the title of the Lins to Sub-Area 3.

9.      In connection with the filing of this action, Toll filed a "Notice of Pendency of Action". The Lins are informed and believe that the *lis pendens* has been recorded. This document also creates a cloud on the title of the Lins to Sub-Area 3.

10.      Pursuant to the terms of the Contract, performance was to occur over time through a series of three closings of three separate portions of the Property: Sub-Area 1, Sub-Area 2, and Sub-Area 3. Each of these sub-areas is depicted in

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTER-CLAIM
Case No. C08 00987 MMC

1  the Contract. As of the date of this pleading, closings have occurred for Sub-
2  Area 1 and Sub-Area 2.

3      11.    Under the terms of the Contract, Toll had ongoing obligations to the
4  Lins which formed a part of the consideration for the Contract. These ongoing
5  obligations included the requirement to construct certain improvements in and
6  adjacent to Sub-Area 2. The obligations were agreed to and described in the Sub-
7  Area 2 portion of the buyer's work as set forth in Exhibit D to the Contract. Toll
8  also assumed post-closing duties which included maintenance of infrastructure
9  and public improvements in the Sub-Area 2. Toll also agreed as a special
10  condition of closing for Sub-Area 3 to have conveyed to the Lins or assignee the
11  elementary school parcel in Sub-Area 2, as required by the Dublin Unified
12  School District, prior to the third closing on June 30, 2007.

13      12.    The closing of Sub-Area 3 of the Contract was scheduled for June
14  30, 2007 under the terms of the Contract. The Lins have performed or have been
15  excused from performance of the terms and conditions required of them under the
16  Contract.

17      13.    At the time for close of Sub-Area 3, Toll was not ready, willing or
18  able to close the transaction, had not met its conditions of closing and was
19  otherwise in breach of the Contract.

20      14.    When issues arose over the pre-closing and closing conditions of
21  Sub-Area 3 in 2007, the Lins and Toll through their designated representatives
22  met and with regard to the utility vaults and temporary overhead power lines,
23  Lins denied that these conditions constituted a material breach of the Contract.
24  However, the Lins and Toll developed and the Lins commenced to relocate the
25  utility vaults, remove the temporary power lines and easements in a manner
26  agreeable to Toll and the Lins invoked the relevant provisions of the Contract to
27  allow for closing of Sub-Area 3. Any of the improvements complained of that

28

13

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTER-CLAIM
Case No. C08 00987 MMC

1    have been constructed were required infrastructure improvements that were either

2    temporary and/or could be relocated and/or were constructed for the benefit of

3    Toll and could be resituated in other locations.

4        15.    Until Toll gave notice of termination of the Contract on December 7,

5    2007, the Lins were ready, willing and able to satisfy all closing conditions and

6    conduct the closing of Sub-Area 3 in accordance with the terms of the Contract

7    and were taking commercially reasonable actions.

8        16.    After June 30, 2007 and prior to December 7, 2007, Toll refused to

9    honor the terms of the Contract and closed on Sub-Area 3 and on December 7,

10    2007, Toll purported to rescind the Contract and repudiated all ongoing obligations

11    under the Contract.

12        17.    In response to this purported termination of the Contract, on January

13    24, 2008, the Lins declared Toll in breach of the Contract and demanded that Toll

14    execute a Quitclaim Deed to remove the Memorandum of Agreement as a cloud

15    on the title to Sub-Area 3.

16        18.    Under section 4.4 of the Contract, in the event of Toll's default of its

17    obligations, the Lins are entitled to receive, as liquidated damages the amount of

18    Toll's remaining deposit as of the time of the default. At the time of Toll's

19    default, the amount of the remaining deposit was $7,735,000.

20        19.    As a result of Toll's default, the Lins are entitled to keep the entire

21    amount of the remaining deposit, including any accrued interest, as liquidated

22    damages.

23                      **FIRST CAUSE OF ACTION**

24                        **(Declaratory Relief)**

25        20.    The Lins incorporate by reference as though re-alleged in full their

26    allegations contained in Paragraphs 1-19 above.

27        21.    An actual controversy has arisen and now exists between the Lins,

28

14

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTER-CLAIM
Case No. C08 00987 MMC

1 | on the one hand, and Toll, on the other hand, relating to their respective rights

2 | and obligations under the Contract and whether Toll is entitled to rescind the

3 | Contract or whether Toll is in default, entitling the Lins to recover liquidated

4 | damages pursuant to section 4.4 of the Contract.

5 | 22.    The Lins therefore request a judicial determination and declaration

6 | of the parties' rights and obligations under the Contract and such a declaration is

7 | necessary and appropriate at this time so that the parties may ascertain their

8 | respective rights and obligations.

9 | **SECOND CAUSE OF ACTION**

10 | **(Breach of Contract)**

11 | 23.    The Lins incorporate by reference as though re-alleged in full their

12 | allegations contained in Paragraphs 1-19 above.

13 | 24.    Toll has breached the Contract by failing to perform conditions

14 | precedent and conditions to closing and by refusing to close on Sub-Area 3 and

15 | by failing to perform its obligations under the Contract with regard to Sub-Area

16 | 2.

17 | 25.    The Lins have performed all obligations owed to Toll under the

18 | Contract, except those obligations that the Lins were prevented or excused from

19 | performing.

20 | 26.    As a material term of the Contract, the parties stipulated that, in the

21 | event of Toll's breach of its obligations to close Sub-Area 3, the Lins' actual

22 | damages would be extremely difficult or impracticable to determine.  Therefore,

23 | the parties to the Contract agreed that in the event of Toll's default, the Lins

24 | would be entitled to recover as liquidated damages the remaining amount of

25 | Toll's deposit at the time of the breach, which is $7,735,000, plus interest.

26 | Pursuant to section 18.1, the Lins are also entitled to recover their attorney fees

27 | and costs according to proof.

28 |

15

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTER-CLAIM
Case No. C08 00987 MMC

27.    With respect to Toll's failure to perform its obligations in Sub-Area 2, the Lins have suffered damages in an amount according to proof at trial but in any event no less than $250,000, except that, with respect to Toll's obligation to convey the school property, its obligations under Exhibit D to the Contract in Sub-Area 2 and its maintenance obligations in Sub-Area 2, the Lins have no adequate remedy at law and, therefore, request that the court order Toll to specifically perform these obligations pursuant to California Civil Code §§ 3384 and 3387.

## THIRD CAUSE OF ACTION

### (Quiet Title)

28.    Counter-Claimants/Defendants incorporate by reference as though re-alleged in full their allegations contained in Paragraphs 1-26 above.

29.    The Lins are the fee owners of Sub-Area 3, the legal description of which is: Parcel 1 as shown on Parcel Map 8734, filed in Book 294 of Parcel Maps, at Pages 19 and 20, Alameda County Records (the "Property"). The Lins' interest was acquired through purchase, and they are the current owners of the Property.

30.    The Lins seek to Quiet Title against Toll and the Memorandum of Agreement, recorded against the property on May 28, 2004 and the Notice of Pendency of Action. Toll's claims are without any right, in that, Toll has no right, title, estate, lien, or interest in the Property or any part of it.

## PRAYER FOR RELIEF

WHEREFORE, these answers Defendants/Counter-Claimants pray for judgment against Plaintiff/Counter-Defendant as follows

1.    **ON PLAINTIFF'S FIRST AMENDED COMPLAINT:**

A.    That Plaintiff takes nothing by way of its First Amended Complaint;

B.    That the relief prayed for in the First Amended Complaint be denied;

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTER-CLAIM
Case No. C08 00987 MMC

C.    That no orders of any nature whatsoever issue out of this Court in favor of Plaintiff and against these answering Defendants;

D.    That these answering Defendants have judgment for costs of suit, incurred herein;

E.    That these answering Defendants have judgment for its reasonable attorneys' fees incurred herein; and,

F.    For such other and further relief as this Court deems just and proper.

2.    **ON DEFENDANT'S COUNTER-CLAIMS:**

A.    **First Cause of Action for Declaratory Relief:**

1)    For a judicial determination that Toll is in breach of the Contract and that the Lins are entitled to retain the deposit as liquidated damages;

2)    For attorney fees according to proof pursuant to the Contract;

3)    For costs of suit; and

4)    For such other and further relief as this Court deems just and proper.

B.    **Second Cause of Action for Breach of Contract**

1)    For judgment in the amount of $7,735,000.00 as liquidated damages;

2)    For compensatory damages according to proof at trial for breach of the terms of the agreement relating to Sub-Area 2;

3)    For an Order requiring Toll to take all actions necessary to convey the elementary school parcel in Sub-Area 2 to the Lins or assignee and perform their on-going obligations under the Contract;

4)    For attorney fees according to proof pursuant to the Contract;

5)    For costs of suit; and

6)    For such other and further relief as this Court deems just and

17

proper.

C.    **Third Cause of Action for Quiet Title:**

  1) Judgment quieting title in the Lins' favor as fee owners of the Property and that Toll has no right, title, lien, or interest in the Property adverse to the Lins;

  2) For attorney fees according to proof pursuant to the Contract;

  3) For costs of suit; and

  4) For such other and further relief as this Court deems just and proper.

June 9, 2008       McNICHOLS BEERS LLP

By: _____
    Steve McNichols

Attorneys for Defendants/Counter-Claimants
Chang Su-o Lin, Hong Lien Lin, and
Hong Yao Lin

## DEMAND FOR JURY TRIAL

  Defendants/Counter-Claimants herein request for jury trial of the above-referenced case.

June 9, 2008       McNICHOLS BEERS LLP

By: _____
    Steve McNichols

Attorneys for Defendants/Counter-Claimants
Chang Su-o Lin, Hong Lien Lin, and
Hong Yao Lin

**VERIFICATION**

(By Attorney)

I am a partner in the McNichols Beers LLP law firm, the attorneys for Chang Su-O Lin, Hong Lien Lin, and Hong Yao Lin (Defendants and Cross-Claimants), who are a parties to this action.  Defendants and Cross-Claimants absent from the county where my offices are located, and are unable to verify their Third Cause of Action for Quiet Title contained within their Counter-Claim.  I am authorized to make this verification on Defendants' and Cross-Claimants' behalf. I have read the foregoing Third Cause of Action for Quiet Title and know its contents. I am informed and believe and on that ground allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 9, 2008 at Pleasanton, California.

_____
Everitt Beers

McNichols Beers LLP
Pleasanton, California

ANSWER TO FIRST AMENDED COMPLAINT AND COUNTER-CLAIM
Case No. C08 00987 MMC