KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
Donald J. Putterman (SBN 90822)
E-Mail: dputterman@kasowitz.com
Christopher J. McNamara (SBN 209205)
E-Mail: cmcnamara@kasowitz.com
101 California Street, Suite 2050
San Francisco, CA 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

TIMOTHY J. HOBAN - BAR NO. 192461
Regional Counsel
Toll Brothers, Inc.
725 Town & Country Road, Suite 500
Orange, CA 92688
Telephone: (714) 347-1300

Attorneys for Plaintiff and
Counter-Defendant, TOLL BROTHERS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| TOLL BROTHERS, INC. | Case No. 08-cv-00987 MMC |
| Plaintiff, | **REPLY OF TOLL BROTHERS, INC. TO COUNTER-CLAIM OF CHANG SU-O LIN, HONG LIEN LIN AND HONG YAO LIN** |
| vs. | |
| CHANG SU-O LIN; HONG LIEN LIN; HONG YAO LIN, | |
| Defendants. | |
| AND RELATED COUNTER-CLAIMS. | |

Counter-Defendant TOLL BROTHERS, INC ("Toll") hereby responds to the Counter-Claim for Declaratory Relief, Damages and Quiet Title ("County-Claim") filed on June 9, 2008, by Counter-Claimants Chang Su-O Lin, Hong Lien Lin and Hong Yao Lin (collectively the "Lins") as follows:

**PARTIES**

1.  Answering the allegations contained in Paragraph 1, Toll admits on information

1

and belief said allegations.

2. Answering the allegations contained in Paragraph 2, Toll admits that it is a Delaware corporation whose principal place of business is Horsham, Pennsylvania; that, through subsidiaries and affiliates, Toll engages in the business of building and selling homes, the acquisition of land, securing entitlements and approvals for development, land development work, and employs a staff, which includes, among others, planning, engineering and legal professionals. Except as specifically admitted herein, Toll denies the allegations contained in Paragraph 2.

**JURISDICTION**

3. Answering the allegations contained in Paragraph 3, Toll admits said allegations.

**VENUE**

4. Answering the allegations contained in Paragraph 4, Toll admits said allegations.

**INTRA-DISTRICT ASSIGNMENT**

5. Answering the allegations contained in Paragraph 5, Toll admits said allegations.

**GENERAL ALLEGATIONS**

6. Answering the allegations contained in Paragraph 6, Toll admits said allegations, except Toll avers that Toll and the Lins entered into the Contract on or about May 27, 2004, not May 20, 2004.

7. Answering the allegations contained in Paragraph 7, Toll admits on information and belief said allegations.

8. Answering the allegations contained in Paragraph 8, Toll admits that on or about May 28, 2004, Toll recorded a Memorandum of Agreement with the Alameda County Recorder's Office that made the existence of the Contract between the parties a matter of public record. The allegation that the recording of the Memorandum of Understanding "constitutes a cloud on the title of the Lins to Sub-Area 3," is argument and a legal conclusion to which no response is required. In the event that a response is required, Toll denies the allegation.

9. Answering the allegations contained in Paragraph 9, Toll admits that in connection with this action, Toll filed and recorded a Notice of Pendency of Action. The allegation that the

1  Notice of Pendency of Action "also creates a cloud on the title of the Lins to Sub-Area 3," is
2  argument and a legal conclusion to which no response is required. In the event that a response is
3  required, Toll denies the allegation.

4      10.    Answering the allegations contained in Paragraph 10, Toll admits said allegations.

5      11.    Answering the allegations contained in Paragraph 11, Toll admits that under the
6  terms of the Contract, Toll had certain obligations to the Lins, which are set forth in the Contract,
7  that formed a part of the consideration of the Contract. Except as specifically admitted herein,
8  Toll denies the allegations contained in Paragraph 11.

9      12.    Answering the allegations contained in Paragraph 12, Toll admits that under the
10 terms of the Contract, the closing of Sub-Area 3 was scheduled for June 30, 2007. Except as
11 specifically admitted herein, Toll denies the allegations contained in Paragraph 12.

12     13.    Toll denies the allegations contained in Paragraph 13.

13     14.    Answering the allegations contained in Paragraph 14, Toll admits that when issues
14 arose over the pre-closing and closing conditions of Sub-Area 3, Toll met with representatives of
15 the Lins with regard to utility vaults and overhead power lines. Except as specifically admitted
16 herein, Toll denies the allegations contained in Paragraph 14.

17     15.    Answering the allegations contained in Paragraph 15, Toll admits that it gave the
18 Lins notice of its termination and/or rescission of the Contract on December 7, 2007. Except as
19 specifically admitted herein, Toll denies the allegations contained in Paragraph 15.

20     16.    Answering the allegations contained in Paragraph 16, Toll admits that it gave the
21 Lins notice of its termination and/or rescission of the Contract on December 7, 2007. Except as
22 specifically admitted herein, Toll denies the allegations contained in Paragraph 16.

23     17.    Answering the allegations contained in Paragraph 17, Toll admits that on January
24 24, 2008, the Lins sent a letter in which the Lins claimed that Toll was in breach of the Contract
25 and demanded that Toll execute a quitclaim deed to remove the Memorandum of Agreement as a
26 cloud on the title to Sub-Area 3. Except as specifically admitted herein, Toll denies the
27 allegations contained in Paragraph 17.

28

1   18.   Answering the allegations contained in Paragraph 18, Toll admits that section 4.4 of the Contract states that the Lins are allowed to keep Toll's deposit in the event that Toll defaults under the Contract.  Except as specifically admitted herein, Toll denies the allegations contained in Paragraph 18, and specifically denies that Toll has defaulted.

19.   Toll denies the allegations contained in Paragraph 19.

### FIRST CAUSE OF ACTION

20.   Answering the allegations contained in Paragraph 20, which incorporates paragraphs 1-19, Toll refers to its answers to those same paragraphs and by such reference incorporates them herein to have the same force and effect as if set forth fully at length.

21.   Answering the allegations contained in Paragraph 21, Toll admits said allegations.

22.   Answering the allegations contained in Paragraph 22, Toll admits on information and belief that the allegations of paragraph 22 are a statement of the Lins' request to the Court.

### SECOND CAUSE OF ACTION

23.   Answering the allegations contained in Paragraph 23, which incorporates paragraphs 1-19, Toll refers to its answers to those same paragraphs and by such reference incorporates them herein to have the same force and effect as if set forth fully at length.

24.   Toll denies the allegations contained in Paragraph 24.

25.   Toll denies the allegations contained in Paragraph 25.

26.   Answering the allegations contained in Paragraph 26, Toll admits that section 4.4 of the Contract states that the Lins are allowed to keep Toll's deposit in the event that Toll defaults under the Contract and that section 18.1 of the Contract provides for the prevailing party to recover attorney's fees and costs.  Except as specifically admitted herein, Toll denies the allegations contained in Paragraph 26, and specifically denies that Toll has defaulted.

27.   Toll denies the allegations contained in Paragraph 27.

### THIRD CAUSE OF ACTION

28.   Answering the allegations contained in Paragraph 28, which incorporates paragraphs 1-26, Toll refers to its answers to those same paragraphs and by such reference incorporates them herein to have the same force and effect as if set forth fully at length.

1  29. Answering the allegations contained in Paragraph 29, Toll admits on information and belief said allegations.

30. Answering the allegations contained in Paragraph 30, toll admits that the Lins seek to quiet title against Toll and the Memorandum of Agreement, which was recorded against the Property on May 28, 2004, and the Notice of Pendency of Action. Except as specifically admitted herein, Toll denies the allegations contained in Paragraph 30.

## **AFFIRMATIVE DEFENCES**

### **FIRST AFFIRMATIVE DEFENSE**

(Prior Material Breach)

Toll alleges that the Lins prior breach of the contact, including a breach of the covenant of good faith and fair dealing, excused Toll from performance under the contact.

### **SECOND AFFIRMATIVE DEFENSE**

(Laches)

Toll alleges on information and belief that the Counter-Claim and each purported cause of action contained therein is barred by the doctrine of laches.

### **THIRD AFFIRMATIVE DEFENSE**

(Waiver)

Toll alleges on information and belief that the Counter-Claim and each purported cause of action contained therein is barred by the doctrine of waiver.

### **FOURTH AFFIRMATIVE DEFENSE**

(Estoppel/Ratification)

Toll alleges on information and belief that the Counter-Claim and each purported cause of action contained therein is barred by the approval and ratification of Toll's conduct by the Lins, and the Lins are therefore estopped from asserting any claim based thereon.

**FIFTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Toll alleges on information and belief that the Lins, by the exercise of reasonable effort, could have mitigated the amount of any damages allegedly suffered by them, and any recovery by the Lins is therefore barred.

**PRAYER**

WHEREFORE, Toll prays for judgment against Counter-Claimants, and that Counter-Claimants take nothing on their counter-claim, for costs of suit incurred herein, and for such other and further relief as the Court deems just and proper.

DATED: June 19, 2008

                          KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

                          By:  /S/ Christopher J. McNamara
                                  Christopher J. McNamara
                                  Attorneys for Plaintiff and Counter-Defendant
                                  TOLL BROTHERS, INC.