KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
Donald J. Putterman (SBN 90822)
E-Mail: dputterman@kasowitz.com
Christopher J. McNamara (SBN 209205)
E-Mail: cmcnamara@kasowitz.com
101 California Street, Suite 2050
San Francisco, California 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

TIMOTHY J. HOBAN (SBN 192461)
Regional Counsel
Toll Brothers, Inc.
725 Town & Country Road, Suite 500
Orange, California 92688
Telephone: (714) 347-1300

Attorneys for Plaintiff and Counter-Defendant
TOLL BROTHERS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOLL BROTHERS, INC., | Case No. 08-cv-00987 SC |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER TO ALLOW PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT FOR RESTITUTUION AFTER RESCISSION, DAMAGES FOR BREACH OF CONTRACT, FORECLOSURE OF CONTRACTUAL LIEN, FORECLOSURE OF PURCHASER'S LIEN AND FOR DECLARATORY RELIEF** |
| vs. | |
| CHANG SU-O LIN; HONG LIEN LIN; HONG YAO LIN, | |
| Defendants. | |
| AND RELATED CROSS-ACTION. | |

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff Toll Brothers, Inc. ("Toll") and Defendants Chang Su-O-Lin, Hong Lien Lin, and Hong Yao Lin (the "Lins") hereby stipulate that Toll may file a Second Amended Complaint for Restitution After Rescission, Damages for Breach of Contract, Foreclosure of Contractual Lien, Foreclosure of Purchaser's Lien and for Declaratory Relief.

**STIPULATION**

WHEREAS Toll filed a First Amended Complaint ("Complaint") in this matter on May 30, 2008;

WHEREAS Defendants filed an Answer to First Amended Complaint and Counterclaim on June 9, 2008;

WHEREAS Toll filed a Reply to Defendants' Counterclaim on June 19, 2008;

WHEREAS the trial in this matter is set for March 9, 2009;

WHEREAS Toll desires to file a Second Amended Complaint for Restitution After Rescission, Damages for Breach of Contract, Foreclosure of Contractual Lien, Foreclosure of Purchaser's Lien and for Declaratory Relief to assert a claim for declaratory relief;

WHEREAS the parties have agreed that Toll may file a Second Amended Complaint for Restitution After Rescission, Damages for Breach of Contract, Foreclosure of Contractual Lien, Foreclosure of Purchaser's Lien and for Declaratory Relief, a copy of which is attached hereto as Exhibit A;

WHEREAS the parties have agreed that Defendants may file an amended answer and counterclaims;

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto and their respective undersigned attorneys, as follows:

Toll may file a Second Amended Complaint for Restitution After Rescission, Damages for Breach of Contract, Foreclosure of Contractual Lien, Foreclosure of Purchaser's Lien and for Declaratory Relief;

Defendants shall have 20 days from the filing date to file an amended answer and counterclaims.

IT IS SO STIPULATED.

DATED:  September 29, 2008            KASOWITZ BENSON TORRES & FRIEDMAN LLP

By:    /s/ Christopher J. McNamara
Christopher J. McNamara
Attorneys for Plaintiff
TOLL BROTHERS, INC.

DATED:  September 29, 2008          MCNICHOLS BEERS LLP

                                    By:     /s/ Everitt Beers
                                            Everitt Beers
                                            Attorneys for Defendants

## [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  October _3_, 2008

                                    By:  
                                         Hon.

# EXHIBIT A

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
Donald J. Putterman (SBN 90822)
E-Mail:  dputterman@kasowitz.com
Christopher J. McNamara (SBN 209205)
E-Mail:  cmcnamara@kasowitz.com
101 California Street, Suite 2050
San Francisco, California 94111
Telephone:  (415) 421-6140
Facsimile:  (415) 398-5030

TIMOTHY J. HOBAN (SBN 192461)
Regional Counsel
Toll Brothers, Inc.
725 Town & Country Road, Suite 500
Orange, California  92688
Telephone: (714) 347-1300

Attorneys for Plaintiff and Counter-Defendant
TOLL BROTHERS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOLL BROTHERS, INC., | Case No.  C08 00987 MMC |
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR RESTITUTUION AFTER RESCISSION, DAMAGES FOR BREACH OF CONTRACT, FORECLOSURE OF CONTRACTUAL LIEN, FORECLOSURE OF PURCHASER'S LIEN AND FOR DECLARATORY RELIEF** |
| vs. | |
| CHANG SU-O LIN; HONG LIEN LIN; HONG YAO LIN, | |
| Defendants. | |
| AND RELATED CROSS-ACTION | |

Plaintiff Toll Brothers, Inc. alleges as follows:

## PARTIES

1.      Plaintiff Toll Brothers, Inc. ("Toll") is a Delaware corporation whose principal place of business is Horsham, Pennsylvania.  Toll engages in the business of building and selling homes.

2. Defendants Chang Su-O Lin, Hong Lien Lin and Hong Yao Lin (collectively, "the Lins") are individuals and on information and belief are part-time residents of California and citizens and residents of Taiwan.

## JURISDICTION

3. This court has subject matter jurisdiction of this action under 28 U.S.C. Section 1332(a)(2) because:

    a. Toll is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Horsham, Pennsylvania;

    b. The Lins are individuals who are part-time residents of California, where they also own and buy and sell land; and on information and belief they also reside in and are citizens of Taiwan;

    c. There is complete diversity of citizenship between Toll and the Lins; and

    d. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This court has personal jurisdiction over the parties to this action because:

    a. The Lins have extensive real estate holdings and other business dealings in the state, leading to significant and continuing contacts within the State of California; and

    b. This lawsuit arises from a contract to purchase real estate from the Lins by Toll Brothers, Inc., who have built and sold homes on such real estate.

## VENUE

5. Venue is proper in this District under 28 U.S.C. Section 1391(a) because:

    a. A substantial portion of the events on which this claim is based occurred in this District; and

    b. The property that is the subject of this action is located within this District.

## INTRADISTRICT ASSIGNMENT

6. Pursuant to Local Rule 3-2(c), this action arises out of Alameda County, the county in which the property that is the subject of this action is located. Thus, assignment to the San Francisco Division or Oakland Division of this District is proper.

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2050
SAN FRANCISCO, CALIFORNIA 94111

# FIRST CAUSE OF ACTION

## (Rescission)

7. On May 27, 2004, Toll and the Lins entered into a written contract (the "Contract") for the purchase and sale of approximately 147 gross acres of unimproved real estate (the "Property") located in Alameda County, California, for valuable consideration. A true and correct copy of the Contract is attached to this First Amended Complaint (the "Complaint") and incorporated by reference in the Complaint as Exhibit A.

8. Under the terms of the Contract, the Lins were to convey the Property to Toll on June 30, 2007, in the Approved Title Condition (as defined in the Agreement) and free of any material physical defects, encumbrances or conditions that would preclude or materially limit the Property's development as a master-planned community. The Lins were further required, among other things, to grade the Property pursuant to the terms of the Agreement. The Property was to be developed in three phases, the third of which is at issue in this Complaint.

9. Toll has paid the Lins the sum of $7,735,000 as a deposit applicable to the purchase price of the Property and duly performed all the terms and conditions required of it by the Contract except as excused by the Lins' breaches and failures of conditions.

10. The Lins have failed and refused to provide the Property in the Approved Title Condition and free of any material physical defects, encumbrances or conditions that would preclude or materially limit the Property's development as a master-planned community.

11. Specifically, the Lins have installed six large aboveground utility vaults, four belowground utility vaults and two overhead power line on the Property. The Lins further failed to complete the grading of the Property in violation of the terms of the Contract.

12. The structures were installed without the consent of Toll and for the benefit of the Lins. These structures are not included in the Approved Title Condition and materially limit the Property's further development as a master-planned community.

13. The Lins also caused easements related to these conditions to be recorded for the benefit of the Lins and without Toll's consent. These encumbrances are not included in the

Approved Title Condition and materially limit the Property's development as a master-planned community.

14. Beginning in or about August 2006, Toll learned that the Lins had installed the offending structures on the Property and gave to the Lins numerous written and verbal notices of Toll's objections to the structures. Prior to June 30, 2007, Toll provided further notice to the Lins that the Lins were in default of the Contract by, among other things, failing to grade the Property pursuant to the Contract. The Lins refused to take steps to cure. Toll gave the Lins notice of its termination and/or rescission of the Contract on December 7, 2007.

15. The Lins have had a period of time reasonably sufficient to have cured these material conditions and defects and have failed to take commercially reasonable steps to do so. The Lins continue to fail and refuse to cure these material defects.

16. The cumulative effect of these conditions, encumbrances and defects constitutes material failure of consideration for Toll's obligation under the Contract.

17. Toll hereby offers to restore any consideration furnished by defendants, if any has been delivered, on condition that the Lins restore Toll's consideration, consisting of the deposit of $7,735,000 plus prejudgment interest at the legal rate and toll's out-of-pocket damages, according to proof.

WHEREFORE, Plaintiff prays as hereinafter prayed.

## SECOND CAUSE OF ACTION

**(Breach of Contract)**

18. Toll restates and incorporates by reference paragraphs 1 through 17 contained within this Complaint.

19. The Lins are in breach of contract because they failed to cure conditions causing changed circumstances, including the construction of utility vaults without Toll's consent, which was required, which did not meet Toll's design requirements; the construction of temporary overhead power lines; the recordation of easements on title contrary to the Approved Title Condition; the failure to convey the Property in the Approved Title Condition; and the failure to complete grading as agreed by the Parties. As a result of these breaches and changed

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2050
SAN FRANCISCO, CALIFORNIA 94111

circumstances and the Lins' failure to cure these conditions, Toll is excused from further performance under the Contract.

20. By reason of the Lins' breach of contract, Toll has been damaged in the amount of $7,735,000 deposit, prejudgment interest at the legal rate and out-of-pocket damages, according to proof.

WHEREFORE, Plaintiff prays as hereinafter prayed.

## THIRD CAUSE OF ACTION

### (Foreclosure of Contractual Lien)

21. Toll restates and incorporates by reference paragraphs 1 through 20 contained within this Complaint.

22. Under a Memorandum of Agreement executed by Toll and the Lins on May 5, 2004, and recorded in the County of Alameda on May 28, 2004, the Lins granted to Toll a lien against the Property pursuant to Civil Code Sections 2881 and 2884 to secure performance of the Lins' obligation to refund Toll's deposit of $7,735,000. A true and correct copy of the Memorandum of Agreement is attached to this Complaint and is incorporated by reference in the Complaint as Exhibit B. This instrument was agreed to by Toll and the Lins and operates as a mortgage on the Property in favor of Toll.

23. The Property is described in Exhibit B, which is incorporated by reference herein.

24. The Lins have or claim to have an interest in the Property, which interest is subject to the lien of the Memorandum of Agreement.

25. The Lins have defaulted under the terms of the contract by falling and refusing to provide the Property in the Approved Title Condition and free of any material physical defects, encumbrances or conditions that would preclude or materially limit the Property's development as a master-planned community.

26. Toll is entitled to a declaration of its contractual lien against the Property and for an order for the sale of the Property in accordance with law and application of the proceeds from the sale to satisfy the Lins' debt to Toll.

WHEREFORE, Plaintiff prays as hereinafter prayed.

## FOURTH CAUSE OF ACTION

### (Foreclosure of Purchaser's Lien)

27. Toll restates and incorporates by reference paragraphs 1 through 26 contained within this Complaint.

28. Toll is entitled to a purchaser's lien under Civil Code Section 3050 on the Property in the sum of its deposit of $7,735,000, as well as prejudgment interest and Toll's out-of-pocket damages, according to proof.

29. The Lins have or claim to have an interest in the Property, which interest is subject to Plaintiff's purchaser's lien.

30. The Lins have defaulted under the terms of the contract by failing and refusing to provide the Property in the Approved Title Condition and free of any material physical defects, encumbrances or conditions that would preclude or materially limit the Property' development as a master-planned community.

31. Toll is entitled to a declaration of its purchaser's lien against the Property and for an order for the sale of the Property in accordance with law and application of the proceeds from the sale to satisfy defendants' debt to Toll.

## FIFTH CAUSE OF ACTION

### (Declaratory Judgment)

32. Toll restates and incorporates by reference paragraphs 1 through 31kbtf contained with this complaint.

33. Toll seeks a judicial declaration that the Contract is illegal under California's Subdivision Map Act (the "SMA"), which is set forth at California Government Code, section 66410 *et seq.*, and is therefore void. Toll also seeks a judicial declaration that Toll is entitled to a return of its deposit of $7,735,000, plus interest.

34. The SMA prohibits the sale, lease or financing of any parcel of a subdivision until the recordation of an approved map:

> No person shall sell, lease or finance any parcel or parcels of real property or commence construction of any building for sale, lease or financing thereon, except for model homes, or allow occupancy

> thereof, for which a parcel map is required by this division or local ordinance, until the parcel map thereof in full compliance with this division and any local ordinance has been filed for record by the recorder of the county in which any portion of the subdivision is located.

Cal. Gov. Code § 66499.30(b).

35. Contracts that are "expressly conditioned" upon the approval and filing of a subdivision map or parcel map are permitted under the SMA. Cal. Gov. Code § 66499.30(e). A contract that allows the approval and filing of a subdivision or parcel map to be waived, however, does not comply with the requirements of the SMA and is illegal and void. *Black Hills Investments, Inc. v. Albertson's, Inc.,* 146 Cal.App.4th 883 (2007).

36. The Contract includes, as a buyer's closing condition, a requirement that "Seller shall have caused the Map (or Maps) to be recorded." Contract, § 5.5(d). However, that condition, like all of the buyer's general closing conditions, can be waived by the buyer:

> Buyer's Closing Conditions are intended for the sole benefit of Buyer. In addition to Buyer's right pursuant to Section 6.1(c) to extend the close of escrow if Buyer's Closing Conditions are not satisfied, if any Buyer's Closing Conditions remain unsatisfied as of the date then established as the Closing Date, Buyer shall have the right, in its sole and absolute discretion, to (1) waive one or more of Buyer's Closing Conditions and proceed with the Closing.

Agreement § 5.5(h). Thus, the Contract is illegal and void under the SMA.

37. An actual controversy has arisen and now exists between Toll and the Lins regarding the legality of the Contract. On July 30, 2008, Toll advised the Lins that the Contract was illegal and void under the SMA. A copy of a letter dated July 30, 2008 from Toll's counsel to the Lins' counsel is attached as Exhibit C. The Lins responded through counsel on August 20, 2008, stating their position that the Contract complied with the SMA. A copy of a letter dated August 20, 2008 from the Lins' counsel to Toll's counsel is attached as Exhibit D.

38. Toll therefore requests a judicial determination that the Contract is illegal and void under the SMA.

## **PRAYER**

WHEREFORE, Plaintiff requests judgment as follows:

7

Second Amended Complaint; Case No. C08 00987 MMC

8011784

As to the First Cause of Action:

1. Rescission of the Contract.

2. Restitution of the deposit of $7,735,000 plus prejudgment interest at the legal rate and according to proof.

As to the Second Cause of Action:

1. Damages for the deposit, out-of-pocket costs incurred by Plaintiff and accrued prejudgment interest, according to proof.

As to the Third Cause of Action:

1. A declaration that Plaintiff has a contractual lien against the Property herein described to secure repayment of the said sum

2. An order for the sale of the premises in accordance with law and pursuant to Plaintiff's contractual lien against the Property, and that the proceeds from the sale be used to satisfy the indebtedness of $7,735,000 plus prejudgment interest.

3. An order awarding Plaintiff judgment and execution against Defendants, and each of them, for any deficiency that may remain after applying all the proceeds of the foreclosure sale that are applicable to the satisfaction of the amounts found due by the Court.

4. An order that Plaintiff or any other party to this suit may become a purchaser at the foreclosure sale.

As to the Fourth Cause of Action:

1. A declaration that Plaintiff has a purchaser's lien against the Property herein described to secure repayment of the said sum

2. An order for the sale of the premises in accordance with law and pursuant to Plaintiff's purchaser's lien against the Property, and that the proceeds from the sale be used to satisfy the indebtedness of $7,735,000 plus prejudgment interest.

3. An order awarding Plaintiff judgment and execution against Defendants, and each of them, for any deficiency that may remain after applying all the proceeds of the foreclosure sale that are applicable to the satisfaction of the amounts found due by the court.

4. An order that Plaintiff or any other party to this suit may become a purchaser at the foreclosure sale.

As to the Fifth Cause of Action:

5. A declaration that the Contract is illegal and void under the SMA.

6. A declaration that Toll is entitled to a return of its deposit of $7,735,000 plus interest.

As to all Causes of Action:

1. Reasonable attorney's fees.

2. Costs.

3. Such other relief as the court deems proper.

DATED: _____, 2008

                      KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

                      By: _____
                             Christopher J. McNamara
                             Attorneys for Plaintiff and Counter-Defendant
                             TOLL BROTHERS, INC.

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2050
SAN FRANCISCO, CALIFORNIA 94111