UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOLL BROTHERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHANG SU-O LIN; HONG LIEN LIN; HONG YAO LIN, <br><br> Defendants. <br><br> AND RELATED COUNTER-CLAIMS. | Case No. 08-987 SC <br><br> ORDER DENYING MOTION TO INCREASE THE FEES AWARDED IN THE JUDGMENT |

### I.  INTRODUCTION

On September 22, 2009, Defendants Chang Su-O Lin, Hong Lien Lin, and Hong Yao Lin (the "Lins") filed a Motion to Increase the Fees Awarded in the Judgment To Include Those Incurred Defending Toll Brothers, Inc.'s Unsuccessful Post-Judgment Motion.  Docket No. 236 ("Motion").  Plaintiff Toll Brothers, Inc. ("Toll"), filed an Opposition and the Lins submitted a Reply.  Docket Nos. 240, 242.  For the following reasons, the Motion is DENIED.

### II.  BACKGROUND

After a two-week bench trial, the Court found that Toll breached its contract with the Lins.  Docket No. 216.  On June 25, 2009, the Court entered judgment in favor of the Lins.  Docket No. 226 ("Judgment").  The Court awarded the Lins $1,111,907 in attorneys' fees, and $56,460.46 in costs.  See id.  On July 6,

1    2009, Toll filed a Motion to Amend Findings of Fact and
2    Conclusions of Law and Alter Judgment.  Docket No. 227 ("Motion to
3    Amend").  The Court denied the Motion to Amend on August 20, 2009.
4    Docket No. 231 ("Aug. 20, 2009 Order").  The Lins seek to increase
5    their attorneys' fee award by $22,257.45 for work performed
6    responding to the Motion to Amend.  Mot. at 6.

## III. LEGAL STANDARD

Rule 54(d)(2)(B) provides that a motion for attorneys' fees must be filed no later than fourteen days after the entry of judgment.  Fed. R. Civ. P. 54(d)(2)(B).  The filing of a post-trial motion tolls the time limit for filing a motion for attorneys' fees.  Bailey v. County of Riverside, 414 F.3d 1023, 1025 (9th Cir. 2005).  A motion for fees "is timely if filed no later than 14 days after the resolution of a Rule 50(b), Rule 52(b), or Rule 59 motion."  Id.

## IV. DISCUSSION

The Court finds that the Lins' Motion is untimely.  Toll's Motion to Amend was brought pursuant to Federal Rule of Civil Procedure 52(b).  Mot. to Amend at 3.  The Court denied Toll's Rule 52(b) motion on August 20, 2009.  The Lins did not file this motion to increase their fee award until over one month later, on September 22, 2009.  Since binding Ninth Circuit authority required the attorneys' fee motion to be filed no later than fourteen days after the Court's resolution of the Rule 52(b) motion, the Court finds that the Lins' motion to increase their

fee award is untimely.

The Lins' reliance on <u>Masalosalo v. Stonewall Ins. Co.</u>, 718 F.2d 955 (9th Cir. 1983), and <u>League of Women Voters of California v. F.C.C.</u>, 751 F.2d 986 (9th Cir. 1985), is misplaced. Both decisions precede the 1993 amendment to the Federal Rules, which added the fourteen-day time limit for motions for attorneys' fees. <u>See</u> Advisory Committee Notes to Fed. R. Civ. P. 54.

After the time limit was added, the Ninth Circuit endorsed the view that a failure to comply with the fourteen-day time limit is sufficient reason to deny a fee motion, absent some compelling showing of good cause. <u>Kona Enters., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 889-90 (9th Cir. 2000). Here, the Lins make no attempt to show good cause for their failure to comply with the time limit in Rule 54(d)(2)(B). Instead, they contend that the Motion is governed by Rule 69(a)(1), not Rule 54(d)(2)(B). Reply at 2. This argument is without merit. Rule 69 concerns the execution of money judgments and has no relevance to the question of the timeliness of their fees motion. <u>See</u> Fed. R. Civ. P. 69.

**V.  CONCLUSION**

For the reasons explained above, the Court DENIES the Lins' Motion To Increase Fees Awarded in the Judgment.

IT IS SO ORDERED.

Dated: December 4, 2009

                                                _____
                                                UNITED STATES DISTRICT JUDGE

3